Charles Dennis WHITEHEAD,
Plaintiff and Appellant,

v.

Cheryl Diane WHITEHEAD,
Defendant and Appellee.

Civ. No. 10411.

Supreme Court of North Dakota.

July 14, 1983.

Mark G. Schneider, of Schneider, Schneider & Schneider, Fargo, for plaintiff and appellant; submitted on brief.

Dann Greenwood, of Greenwood, Greenwood & Greenwood, Dickinson, for defendant and appellee; submitted on brief.

VANDE WALLE, Justice.

Charles Whitehead appealed from an order of the district court, Adams County, denying his motion for a change of venue. We reverse and remand the case with direction.

I

Charles and Cheryl Whitehead were divorced in August 1981. The divorce decree ordered that they were to have joint custody of their only child, Robert. Charles would have him during the school year and Cheryl would have him through the summer. The court also ordered Cheryl to pay monthly child support to Charles for the periods of time he had physical custody of Robert, and Charles to pay Cheryl child support for the months she had physical custody of Robert.

In September 1982, following a review of its custody determination, the trial court in a memorandum opinion decided (1) the parties would continue to have joint custody of Robert, (2) visitation rights would be restricted to the place where Robert resides, and (3) child support would be increased from $150 to $165 per month.

Subsequently, Cheryl petitioned the court for an order appointing a guardian ad litem for Robert, and also moved to amend the divorce judgment to either eliminate or reduce her child-support obligation. Charles responded by making a demand under Section 28–04–05, N.D.C.C., for change of venue to Richland County, where he resides. Charles moved, in the alternative, should the court decide he was not entitled to a change of venue as a matter of right under Section 28–04–05, for a change of venue under Section 28–04–07, N.D.C.C., on the grounds that the convenience of witnesses and the ends of justice would be promoted by the change of venue to Richland County.

The trial court in a memorandum opinion denied apparently both the demand for change of venue and the motion for change of venue. Charles then made a motion under Rule 60(b)(vi), N.D.R.Civ.P., for relief from the court's order denying a change of venue. The trial court issued another memorandum opinion in which it affirmed its earlier decision and denied the motion for relief stating that Section 28–04–07 provides for change of the place of *trial* in only certain specified situations, and because the trial which resulted in the divorce decree and judgment was over, Charles was not entitled to a change of venue in the post-judgment proceedings initiated by Cheryl.

Charles raises on appeal only the denial of his *motion* for change of venue made under Section 28–04–07, N.D.C.C.; he no longer asserts he is entitled to a change of venue as a matter of right under Section 28–04–05, N.D.C.C. His argument is that the trial court erred in denying his motion for change of venue because, contrary to the court's belief, Section 28–04–07 provides authority for a trial judge in post-judgment divorce proceedings to grant a motion for change of venue in appropriate circumstances. We agree.

II

Section 28–04–07, N.D.C.C., provides, in part, that the court may change the place of trial:

"3. When the convenience of witnesses and the ends of justice would be promoted by the change; ..."

In his memorandum opinion denying Charles's motion for change of venue, the trial judge said:

"This case involves post-judgment relief and modification, and the actual trial was well over a year ago. The statutes on venue imply and § 28–04–07, NDCC specifically states, 'The court may change the place of trial ...' Since the trial is over, the Plaintiff is no longer entitled to a change of venue."

The trial court's reasoning places an unduly restrictive interpretation on the term "trial" as applied to the continuing jurisdiction of the court in child-custody proceedings. In the trial court's sense of the word, a trial is the original or first proceeding which ends in a judgment.

■ Black's Law Dictionary 1348 (5th ed. 1979), defines "trial" generally as "A judicial examination and determination of issues between parties to action, ..." We believe the proceedings created by a petition for appointment of a guardian ad litem and those created by a motion to amend a divorce judgment fall well within this definition of "trial." Moreover, we hold as a general rule that in accordance with Section 28–04–07, N.D.C.C., a trial judge has the power and authority to decide a motion for change of venue in post-judgment divorce proceedings. See *Bacher v. District Court, In & For County of Gunnison,* 186 Colo. 314, 527 P.2d 56 (1974).

■ Although it is true that a trial court which has jurisdiction to hear a divorce action continues to have jurisdiction in post-judgment matters pertaining to the custody, care, support, and education of the children of the marriage [*Nygord v. Dietz,* 332 N.W.2d 708 (N.D.1983)], this does not mean that the venue of the original action must remain undisturbed until the case is over. Requiring venue to remain in the jurisdiction where the divorce action was heard would surely produce many situations where the effective administration of justice would not be promoted when it is considered that the time between the original judgment and the court's loss of continuing jurisdiction in cases involving child custody, ordinarily when the youngest child reaches the age of majority, may be as long as 18 years. Within that period of time circumstances could so drastically change that there would be absolutely no reason to keep the action venued where the action was heard.

Our construction of Section 28–04–07 to permit trial courts to change venue in post-judgment divorce proceedings is consistent with Section 29–15–21, N.D.C.C., which authorizes a demand for change of judge in a post-judgment proceeding to modify an order for alimony, property division, child support, or child custody. Section 29–15–21 distinguishes between the original action for divorce and post-judgment divorce proceedings and directs that the latter shall be considered separate proceedings for purposes of a demand for change of judge. In like manner, our decision today construes the word "trial" in Section 28–04–07 to include post-judgment divorce proceedings and thereby authorizes the trial court to entertain a motion for change of venue in post-judgment divorce proceedings, at least when the motion is made under Section 28–04–07(3).

Accordingly, we reverse the trial court's decision that as a matter of law Charles is not entitled to a change of venue in post-judgment proceedings.

### III

■ It is apparent from the trial judge's memorandum opinion that his denial of Charles's motion for change of venue was not a decision on the merits. Ordinarily in such a case we would remand the matter to the district court to permit the trial judge to grant or deny the motion on its merits. However, under the facts of this case we believe a decision by the trial court to deny the motion would be an abuse of discretion [see *Marshall v. City of Beach,* 294 N.W.2d 623 (N.D.1980)]; hence, for the sake of judicial economy we decide the motion for change of venue should be granted on the grounds that the convenience of witnesses and the ends of justice would be promoted by the change. See *Bacher, supra,* 527 P.2d at 59.

We base our decision that the motion should be granted upon the following undisputed facts:

(1) Neither Charles nor Cheryl resides any longer in Adams County. Charles currently lives in Fairmount, Richland County, North Dakota, and Cheryl lives in Rapid City, South Dakota.

(2) Charles's and Cheryl's son, Robert, lives in Fairmount nine months out of the year and attends school there.

(3) The material witnesses Charles intends to call at the hearing on the petition for the appointment of a guardian ad litem for Robert and at all future hearings regarding the custody of Robert reside in

Richland County, including Fairmount school officials and Charles's relatives.

(4) Only two witnesses from Adams County testified on Cheryl's behalf at the original divorce proceeding and neither of these witnesses testified at the post-judgment custody hearing in August 1982.

Perhaps the single most influential factor which operates in favor of changing venue to Richland County is that Robert lives in Fairmount for nine months out of each year, has lived in Fairmount for most of his life, and attends school in Fairmount. There can be no doubt that under this state of affairs Robert's best interests and welfare would be served by changing the place of the pending, and any future, post-judgment divorce proceedings to Richland County. And if the best interests of Robert are served by a change of venue, even assuming everything else were equal, certainly the ends of justice would be promoted by the change. The best interests of the child are, of course, the primary issue in custody proceedings. Sec. 14–09–06.2, N.D.C.C. See, e.g., *Muraskin v. Muraskin*, 336 N.W.2d 332 (N.D.1983).

The trial court's order that Section 28–04–07, N.D.C.C., does not authorize a change of venue in post-judgment proceedings is reversed, and for the reasons given herein the case is remanded to the district court, Adams County, with direction to enter an order granting Charles's motion for a change of venue to Richland County.

ERICKSTAD, C.J., and SAND, PEDERSON and PAULSON, JJ., concur.