2003 ND 18

Hayley WAGNER, a minor, by and through her parents, Peter WAGNER and Lori Wagner, Plaintiff and Appellee,

v.

Ronald and Deborah SQUIBB, Defendants and Appellants,

and

Thomas Semmens, Defendant.

No. 20020237.

Supreme Court of North Dakota.

Feb. 19, 2003.

Donald L. Peterson of Peterson Law Office, Minot, ND, for defendants and appellants.

James E. Nostdahl of Pringle & Herigstad, P.C., Minot, ND, for plaintiff and appellee.

NEUMANN, Justice.

[¶1] Ronald and Deborah Squibb ("the Squibbs") appeal from the trial court's amended judgment as a matter of law, entered in favor of plaintiff Hayley Wagner, who appears by and through her parents, Peter and Lori Wagner ("the Wagners"). We affirm.

[¶2] On December 27, 1998, one of the Squibbs' dogs bit Hayley Wagner. The Squibbs were out of town at the time of the incident, but had asked Thomas Semmens to care for the Squibbs' house and dogs during their absence. At the time of the incident the dogs were loose in front of the house. Semmens had been told to keep the dogs either in the house or in their pen. At the close of evidence, the Wagners moved for judgment as a matter of law. This motion was denied. A jury returned a verdict finding Semmens 80 percent at fault and the Squibbs 20 percent at fault. The jury found Semmens was the Squibbs' agent, but also found Semmens was not acting within the scope of his authority. Judgment was entered July 2, 2001. On July 24, 2001, the Wagners moved again for judgment as a matter of law, claiming there was no legally sufficient evidentiary basis for the jury to find Semmens was not acting within the scope of his authority and, therefore, the Squibbs were liable. The trial court granted the motion June 21, 2002, finding Semmens was acting within the scope of his agency authority when he allowed the dogs to get outside the house and pen. The Squibbs appeal.

[¶3] The Squibbs argue the trial court abused its discretion in granting judgment as a matter of law. The Squibbs argue reasonable persons could differ on the issue of whether Semmens was acting within the scope of his authority when the dogs got outside, because the jury itself

found Semmens was not acting within the scope of agency on the day of the incident. "A trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal." *Howes v. Kelly Services, Inc.*, 2002 ND 131, ¶ 7, 649 N.W.2d 218.

[¶ 4] If a trial court does not grant a motion for judgment as a matter of law at the close of all evidence, a trial court may later decide the legal questions raised by the motion. N.D.R.Civ.P. 50(b). "Judgment as a matter of law" now replaces the terms "directed verdict" and "judgment notwithstanding the verdict" in the rule. *Id.*, Explanatory Note. The standard for determining whether judgment as a matter of law should be granted is the same as that for a directed verdict or judgment notwithstanding the verdict. *Id.* When ruling on a motion for a judgment as a matter of law, "the court must decide whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, reasonable men could reach but one conclusion as to the verdict...." *Anderson v. Kroh*, 301 N.W.2d 359, 362 (N.D.1981).

[¶ 5] When an appeal is taken in a case in which an evidentiary hearing has been held, the appellant has a duty to provide this Court with a transcript of the proceedings. N.D.R.App.P. 10(b). The transcript must be sufficient to allow "a meaningful and intelligent review of the alleged error." *State v. Kensmoe*, 2001 ND 190, ¶ 14, 636 N.W.2d 183. An appellant assumes the consequences and the risk for the failure to file a sufficient transcript. *Id.* If the record on appeal does not allow for a meaningful and intelligent review of the trial court's alleged error, we will decline review of the issue. *Id.*

[¶ 6] In the present case, the Squibbs argue there was no specific evidence as to how the dogs got outside the house and, therefore, reasonable persons could well have found the dogs got outside despite Semmens. In order to determine whether reasonable persons could reach differing conclusions on this issue, we would need to review the record evidence. The Squibbs, however, have failed to file a transcript of the trial court proceedings to permit a meaningful and intelligent review of such evidence. Therefore, we cannot say the trial court abused its discretion in granting the Wagners' motion for judgment as a matter of law.

[¶ 7] The trial court's amended judgment is affirmed.

[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.