2003 ND 70

**Jan M. FLATTUM–RIEMERS, Plaintiff and Appellee,**

v.

**Roland C. FLATTUM–RIEMERS, Defendant and Appellant.**

**No. 20020318.**

Supreme Court of North Dakota.

May 6, 2003.

Rehearing Denied June 3, 2003.

LaRoy Baird III (on brief), Bismarck, ND, for plaintiff and appellee.

Roland C. Riemers (on brief), Grand Forks, ND, pro se.

NEUMANN, Justice.

[¶ 1] Roland Flattum–Riemers has appealed from an amended divorce judgment allowing his ex-wife, Jan Flattum–Riemers, to relocate out of state with three of the parties' children. We affirm, concluding the trial court did not abuse its discretion in changing the location of the hearing to Burleigh County, refusing to change venue to Grand Forks County, and allowing the hearing to proceed on less than 21 days notice.

I

[¶ 2] Roland and Jan were divorced by an August 26, 1998, judgment which incorporated the parties' stipulation awarding custody of their minor children to Jan.[1] In May 2001, Jan desired to leave her employment as a physician in Beulah, North Dakota, to accept a one-year position in Tashkent, Uzbekistan. The parties stipulated that their three sons would reside with Jan in Uzbekistan for the year, and their minor daughter would live with Roland in North Dakota.

[¶ 3] Jan was ultimately offered continued employment in Uzbekistan, and on July 30, 2002, she served upon Roland a motion to relocate the children to Uzbekistan. The hearing on the motion was scheduled for August 13, 2002, in the Burleigh County Courthouse in Bismarck. Roland filed a written motion objecting to the hearing being held in Burleigh County rather than the original county of venue, McLean County, and also moved for a

---

1. In a prior appeal, we affirmed an order holding Roland in contempt for failing to pay guardian ad litem fees as ordered in the divorce judgment. *See Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, 598 N.W.2d 499.

change of venue to Grand Forks County, where he resided. Roland also filed a written motion seeking a change of custody of the parties' minor daughter to him. The parties ultimately stipulated to joint custody of the minor daughter, with Roland to have physical custody so she could continue living with him in North Dakota.

[¶ 4] At the hearing, the trial court rejected Roland's objection to holding the hearing in Burleigh County and denied his motion to change venue to Grand Forks County. The court also rejected Roland's argument, apparently made orally at the hearing, that he had not received adequate notice of the hearing. The trial court granted Jan's motion to relocate the parties' three minor sons to Uzbekistan. An amended judgment was entered, and Roland appealed.[2]

## II

[¶ 5] Roland argues the trial court erred in holding the hearing in Burleigh County rather than McLean County, where the divorce action was venued.

[¶ 6] Rule 39.1(a), N.D.R.Civ.P., governs changes in location of a hearing, proceeding, or trial:

(a) Change in Location of a Hearing, Proceeding, or Trial.

(1) The court may change the location of a hearing, proceeding, or trial to a different county if:

(A) that county's seat is less than ten miles from the seat of the county of venue;

(B) there is reason to believe an impartial trial cannot be obtained in the county of venue; or

(C) considering such factors as the parties' and witnesses' convenience, judicial efficiency, and availability of appropriate facilities, the administration of justice is better served.

(2) If the location of a hearing, proceeding, or trial is changed, the parties shall continue to file with the clerk of court for the county of venue, and the judge originally assigned shall continue to preside over the action. If any party files an objection to the change of trial no later than ten days after the date of notification of the place of trial, the trial must be held where originally venued unless grounds exist for a change of venue as provided in subdivision (b). In the case of a jury trial, the jury panel must be composed of residents of the original county of venue or residents of the judicial district as provided by N.D.C.C. § 27–09.1–05.1.

[¶ 7] Rule 39.1 gives the trial court discretion to hold a hearing in a county other than the county of venue, and its decision will not be disturbed on appeal unless the court has abused its discretion. *Cf. State v. Entzi*, 2000 ND 148, ¶ 29, 615 N.W.2d 145 (applying abuse of discretion standard in review of trial court's denial of criminal defendant's request that his sentencing hearing be held in the county of venue rather than another county). An abuse of discretion by the trial court is never assumed, and the burden is on the party seeking relief to affirmatively establish it. *Gepner v. Fujicolor Processing,*

2. Roland has actually attempted to appeal from the trial court's memorandum opinion. Although the memorandum opinion itself is not appealable, an attempted appeal from a memorandum opinion will be treated as an appeal from a subsequently entered consistent judgment, if one exists. *Shields v. Shields,*

2003 ND 16, ¶ 1 n. 1, 656 N.W.2d 712; *Zueger v. Carlson,* 542 N.W.2d 92, 94 n. 2 (N.D. 1996). Because an amended judgment consistent with the memorandum opinion was subsequently entered, we treat this as an appeal from the amended judgment.

*Inc.*, 2001 ND 207, ¶ 13, 637 N.W.2d 681. A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Wilson v. Koppy*, 2002 ND 179, ¶ 10, 653 N.W.2d 68. The party seeking relief must show more than that the trial court made a "poor" decision, but that it positively abused the discretion it has under the rule. *US Bank Nat'l Ass'n v. Arnold*, 2001 ND 130, ¶ 23, 631 N.W.2d 150. We will not overturn the trial court's decision merely because it is not the same one we may have made. *Gepner*, at ¶ 13; *US Bank*, at ¶ 23.

[¶ 8]   Our review of this issue on appeal is significantly hampered by Roland's failure to provide a transcript of the evidentiary hearing. When an appeal is taken in a case in which an evidentiary hearing was held, the appellant has a duty to provide a transcript of the proceedings. N.D.R.App.P. 10(b)(1); *Wagner ex rel. Wagner v. Squibb*, 2003 ND 18, ¶ 5, 656 N.W.2d 674. An appellant assumes the risks and consequences of failing to file a sufficient transcript, and we will decline to review an issue if the record on appeal does not allow a meaningful and intelligent review of the trial court's alleged error. *Wagner*, at ¶ 5. This principle applies equally to pro se litigants. *Weiss, Wright, Paulson & Merrick v. Stedman*, 507 N.W.2d 901, 903 (N.D.1993). When the trial court's written findings or order reference or incorporate oral findings or rulings which occurred at the hearing, a failure to provide a transcript will preclude meaningful and intelligent review of those issues. *See Peplinski v. County of Richland*, 2000 ND 156, ¶ 15 n. 4, ¶ 21, 615 N.W.2d 546. We have previously cautioned Roland about the risks inherent in failing to provide a transcript on appeal,

and we declined to address his arguments because of his failure to provide a transcript. *See Peters–Riemers v. Riemers*, 2002 ND 49, ¶ 9, 641 N.W.2d 83.

[¶ 9]   In this case, the trial court's memorandum opinion notes: "Mr. Riemers objected to the hearing taking place in Bismarck rather than Washburn and the Court denied the request on the record." Without a transcript, we do not know what arguments or evidence the parties presented on this issue, nor do we have the benefit of the trial court's rationale for denying Roland's request to hold the hearing in McLean County. Applying the standards under N.D.R.Civ.P. 39.1(a), the issue presented is whether the trial court abused its discretion in holding the hearing in Burleigh County under the facts in this case. Roland's failure to provide a transcript precludes a meaningful and intelligent review of that issue on appeal.

[¶ 10]   Roland also argues that, as a matter of law, the trial court was required to hold the hearing in McLean County when Roland objected to the change in location to Burleigh County. Roland relies upon the portion of N.D.R.Civ.P. 39.1(a)(2) which states:

> If any party files an objection to the change of trial no later than ten days after the date of notification of the place of trial, the trial must be held where originally venued unless grounds exist for a change of venue as provided in subdivision (b).

[¶ 11]   Roland's argument ignores a crucial distinction in N.D.R.Civ.P. 39.1. While the Rule authorizes the trial court to change the location of a "hearing, proceeding, or trial," the above provision requiring a return to the county of venue upon objection by a party specifically applies only to a change in location of the *trial*. It

does not apply when the location of a hearing or proceeding has been changed.

[¶ 12] The history of the development and adoption of N.D.R.Civ.P. 39.1 supports this conclusion. Rule 39.1 was adopted in response to the 1997 Legislature's enactment of statutes governing change in the location of pretrial proceedings and trials. *See* N.D.C.C. §§ 28–04–09, 28–04–10 (superseded by N.D.R.Civ.P. 39.1); *Minutes of the Joint Procedure Comm.* 16–17 (Sept. 24–25, 1998); *Minutes of the Joint Procedure Comm.* 16–17 (Sept. 23–24, 1999); *Minutes of the Joint Procedure Comm.* 13–15 (Jan. 27–28, 2000). The provision in N.D.R.Civ.P. 39.1(a)(2) requiring that a trial be returned to the county of venue upon objection by a party is virtually identical to language in N.D.C.C. § 28–04–10, one of the statutes the Joint Procedure Committee was considering and which was superseded by N.D.R.Civ.P. 39.1. The statute provided that in civil cases the court may change the location of the trial, and further provided:

> If any party files an objection to the change of trial no later than ten days after the date of notice of assignment or reassignment of a judge for trial of the case, the trial must be held where originally venued. In the case of a jury trial, the jury panel must be composed of residents of the original county of venue or residents of the judicial district as provided by section 27–09.1–05.1.

N.D.C.C. § 28–04–10. Other than changing the ten-day trigger date from notice of assignment of judge to notice of the location of trial, and clarifying that the location of trial may be changed if grounds for a change of venue exist, the quoted language of N.D.C.C. § 28–04–10 and N.D.R.Civ.P. 39.1(a)(2) is identical. *See Minutes of the Joint Procedure Comm.* 17 (Sept. 24–25, 1998) (addressing N.D.C.C. § 28–04–10 and noting parties should be allowed to

object ten days after notice of place of trial, rather than notice of assignment of the judge); *Minutes of the Joint Procedure Comm.* 13 (Jan. 27–28, 2000) (addressing N.D.C.C. § 28–04–10 and noting the statute's provision requiring objection within ten days of notice of assignment of judge was unworkable).

[¶ 13] The relevant portion of N.D.R.Civ.P. 39.1(a)(2) was obviously incorporated from N.D.C.C. § 28–04–10. Section 28–04–10 applied only to change in location of a trial. A change in location of a hearing or other proceeding was governed by a separate statute, N.D.C.C. § 28–04–09.

[¶ 14] We conclude the provision in N.D.R.Civ.P. 39.1(a)(2) requiring that the location of trial be returned to the county of venue if requested by any party applies only to trials, and not to other hearings or proceedings. Accordingly, the trial court was not required as a matter of law to hold the hearing in McLean County when Roland objected to the location of the hearing.

[¶ 15] Although not cited by the parties, we note that our decision does not conflict with the result in *State v. Entzi*, 2000 ND 148, 615 N.W.2d 145. In *Entzi*, the criminal trial was held in McIntosh County where the offenses were committed, as required by N.D.R.Crim.P. 18, but sentencing was scheduled in Burleigh County. The defendant requested the sentencing be held in McIntosh County, which was more convenient for his witnesses. The trial court denied Entzi's request and the sentencing took place in Burleigh County. Noting that convenience of the court is not a significant factor in deciding where a hearing in a criminal case should be held, we concluded the court had abused its discretion and we remanded for re-sentencing in McIntosh County. *Entzi*, at ¶¶ 29–30.

[¶ 16] Apart from the obvious distinction that *Entzi* was a criminal case and was governed by different procedural rules on change of location, we also note the Court in that case was not hampered on appeal by lack of a transcript. The Court also relied upon N.D. Sup.Ct. Admin. R. 6(B), which provides:

It is the intent of the Supreme Court that the residents of the various counties within a judicial district receive judicial services in their own county without the need to travel to the chamber cities.

Roland concedes neither he, Jan, nor any of the children reside in McLean County, and N.D. Sup.Ct. Admin. R. 6(B) is therefore inapplicable to his argument that the hearing should have been held in McLean County.

[¶ 17] We conclude the trial court did not abuse its discretion in changing the location of the hearing to Burleigh County.

### III

[¶ 18] Roland argues the trial court erred in denying his motion to change venue from McLean County to Grand Forks County.

Change of venue is governed by N.D.R.Civ.P. 39.1(b), which provides:

(b) Change of Venue.

(1) The court may change the venue of an action or proceeding to another county within or outside a judicial district if:

(A) the county designated in the complaint is not the proper county of venue;

(B) there is reason to believe an impartial trial cannot be obtained in the county of venue; or

(C) the convenience of witnesses and the ends of justice will be promoted by the change.

(2) If venue is changed, the file must be transferred to the new county of venue and any additional papers must be filed in the new county of venue. If venue is changed to a county in a different judicial district, a new judge must be assigned to the action. In the case of a jury trial, the jury panel must be composed of residents of the new county of venue or residents of the judicial district as provided by N.D.C.C. § 27–09.1–05.1.

[¶ 19] A motion for a change of venue on grounds of convenience of the witnesses and furtherance of the ends of justice is addressed to the sound judicial discretion of the trial court, and its decision will not be reversed on appeal unless the court has abused its discretion. *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 9, 603 N.W.2d 896; *Porth v. Glasoe*, 522 N.W.2d 439, 442 (N.D.1994). The party moving for a change of venue has the burden of stating facts, not merely conclusions, that affirmatively establish a change of venue is warranted. *Hendrickson*, at ¶ 9; *Eckman v. Stutsman County*, 1999 ND 151, ¶ 6, 598 N.W.2d 494; *Porth*, at 441. This burden requires a showing that both the convenience of witnesses and the ends of justice would be promoted by a change of venue. *Porth*, at 441; *Marshall v. City of Beach*, 294 N.W.2d 623, 628 (N.D.1980); *American State Bank of Dickinson v. Hoffelt*, 246 N.W.2d 484, 486 (N.D.1976).

[¶ 20] To support a motion for change of venue based upon the convenience of the witnesses and furtherance of the ends of justice, the moving party must demonstrate with specificity the identity of the witnesses, their place of residence, and the nature, necessity, and relevance of their testimony:

The requirements are well settled that the affidavit in support of such a motion may not only state conclusions, but must

state facts upon which the trial court can make its determination. It must also contain specifics, rather than mere generalities. It should contain the names of proposed witnesses and their places of residence, that they are necessary and material witnesses, that the moving party cannot safely proceed to trial without their testimony, and what is expected to be proved by them.

The affidavits submitted by the banks in this case do not set forth with requisite specificity the names of those individuals expected to be called as witnesses, nor the substance of the testimony to be given by them, and whether that testimony is necessary and material. No reasonable factual basis was provided upon which the trial court could have granted the motion. Even if the court looked beyond the affidavits, which were clearly insufficient standing alone, to the whole record, we find no facts which could have convinced the court that a change would convenience witnesses and promote the ends of justice.

*American State Bank,* 246 N.W.2d at 486–87 (citation omitted); *see also Hanson v. Garwood Indus.,* 279 N.W.2d 647, 650 (N.D.1979).

■■■ [¶ 21] The moving party has the burden of showing the testimony of the proposed witnesses is necessary and relevant to prove issues to be tried. *Porth,* 522 N.W.2d at 442, 444. The convenience of witnesses whose testimony would be merely cumulative is entitled to little consideration. *Id.* In assessing the convenience of witnesses, the convenience of the parties is generally not considered. *Id.* at 441, 443; *Stonewood Hotel Corp. v. Davis Dev., Inc.,* 447 N.W.2d 286, 289 (N.D.1989); *Marshall,* 294 N.W.2d at 628. The trial court may consider the relative speed with which a trial or hearing may be had when considering a change of venue. *Stonewood,* at 289.

■■■ [¶ 22] Roland's affidavit in support of the motion to change venue contained only the following conclusory allegations about the convenience of witnesses:

The witnesses I need will all come from the Grand Forks area. Jan's witnesses will be apparently from Uzbekistan? Having my witnesses travel all the way to Bismarck or Washburn will be a great inconvenience to them as well as to all the parties involved.

Roland did not identify these witnesses, did not explain what the substance of their testimony would be, and did not demonstrate how their testimony was necessary and material to the issues raised in the post-judgment motions. Furthermore, because Roland failed to present a transcript of the evidentiary hearing, we do not know who testified for Jan and whether Bismarck was a more convenient venue for her witnesses. Nor do we have the opportunity to review the arguments of the parties at the hearing or the trial court's rationale supporting its denial of Roland's motion. The court's written memorandum opinion merely notes, "Mr. Riemers also requested a change of venue and the Court denied this request on the record." Roland's affidavit falls far short of the required specificity to establish he was entitled to a change of venue.

[¶ 23] Roland argues a change of venue is required under *Whitehead v. Whitehead,* 336 N.W.2d 363 (N.D.1983). The trial court in that case had held that as a matter of law a trial court lacked the authority to change venue in post-judgment divorce proceedings, citing N.D.C.C. § 28-04-07, the change of venue statute which has been superseded by N.D.R.Civ.P. 39.1(b). Addressing language in the statute allowing a change of venue to promote the convenience of witnesses and the ends of

justice, this Court concluded the trial court had the authority, in the exercise of its discretion, to change venue in post-judgment divorce proceedings. *Whitehead,* at 365. The Court went on to conclude that, under the "undisputed facts" in that case, a change of venue was warranted. *Id.* at 365–66. The facts in this case are not undisputed. Rather, the record in this case fails to show that Roland provided to the trial court sufficient specific facts about the identity of his witnesses and the necessity and materiality of their testimony to support his motion. Roland wholly failed to demonstrate a change of venue would promote the convenience of the witnesses and the ends of justice, as required under N.D.R.Civ.P. 39.1(b)(1)(C).

[¶ 24] We conclude the trial court did not abuse its discretion when it denied Roland's motion for a change of venue.

IV

[¶ 25] Roland argues the trial court abused its discretion in allowing the hearing to proceed on less than 21 days notice. Roland relies upon N.D.R.Civ.P. 6, which governs computation of time limits:

(d) For Motions—Affidavits. A written motion, other than one which may be heard ex parte, and notice of the motion must be served at least 18 days before the motion may be heard, unless a different period is fixed by rule or court order. A party may apply ex parte for the court to hear a motion sooner than 18 days after service of the motion.

(e) Additional Time After Service by Mail or Commercial Carrier. Whenever a party has the right or is required to do an act within a prescribed period after service of a notice or other paper and the notice or paper is served by mail or third-party commercial carrier, 3 days must be added to the prescribed period. Service by facsimile transmission is not service by mail or third-party commercial carrier for purposes of this rule.

Roland argues that Jan's motion to relocate out of state should have been served at least 21 days before the hearing, computing 18 days under N.D.R.Civ.P. 6(d) and an additional three days after service by mail under N.D.R.Civ.P. 6(e).

[¶ 26] We first note that Roland was not entitled to three additional days under N.D.R.Civ.P. 6(e) because he was not served by mail. The record demonstrates Jan's motion was personally served upon Roland by the sheriff on July 30, 2002. Therefore, N.D.R.Civ.P. 6(e) was inapplicable.

[¶ 27] The hearing in this case took place on August 13, 2002, less than 18 days after Roland was served. Roland argues that the 18 day period in N.D.R.Civ.P. 6(d) is mandatory, and he therefore was not properly served under the Rule. Rule 6(d), however, expressly states that the motion and notice of motion must be served at least 18 days before the hearing "unless a different period is fixed by rule or court order." Our rule is based upon the similar federal rule. *See* Fed. R.Civ.P. 6; N.D.R.Civ.P. 1, Explanatory Note. When a state rule is adopted from a federal rule, we will consider the federal court's interpretation of its rule as persuasive authority when construing our rule. *Matrix Props. Corp. v. TAG Invs.,* 2002 ND 86, ¶ 13, 644 N.W.2d 601; N.D.R.Civ.P. 1, Explanatory Note.

[¶ 28] Courts interpreting Fed.R.Civ.P. 6(d) have held that the rule grants the trial court discretion to shorten the time for serving notice of the motion, and its decision will be reversed only for an abuse of that discretion. *See, e.g., Anderson v. Davila,* 125 F.3d 148, 156–57 (3rd Cir.1997); *Levine v. Torvik,* 986 F.2d 1506, 1519 (6th Cir.1993); *Parker v. Ryan,* 960 F.2d 543,

546 (5th Cir.1992); *United States v. Fitch*, 472 F.2d 548, 549 n. 5 (9th Cir.1973).

[¶ 29] In this case, Roland's failure to provide a transcript precludes a meaningful and intelligent review of this issue. *See Wagner ex rel. Wagner v. Squibb*, 2003 ND 18, ¶ 5, 656 N.W.2d 674. Roland did not file any written objection to the date of the hearing, but apparently objected orally at the August 13, 2002, hearing. We do not know the basis for Roland's objection nor what authorities and supporting rationale, if any, he may have provided to the trial court. Nor do we know the nature of Jan's response to Roland's objection. The only recognition in the record of Roland's objection is in the trial court's memorandum opinion, where the court notes that Roland objected to the timing of the hearing, but wanted the hearing held no later than August 19; the court was not available for a hearing the week of August 19; a quick ruling was needed because school was starting soon; the parties had agreed the minor daughter would continue living with Roland, negating Roland's argument he needed more time for witnesses from Grand Forks; Roland had waived the 18–day notice; and Roland was not prejudiced by holding the hearing because he had no further witnesses or information to present on the only remaining issue, relocation of the children to Uzbekistan. Without a transcript of the evidentiary hearing, we are unable to say the trial court abused its discretion under N.D.R.Civ.P. 6(d) when it allowed the hearing to proceed on less than 18 days notice.

### V

[¶ 30] We have considered Roland's remaining issues and arguments and find them to be without merit. The amended judgment is affirmed.

[¶ 31] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.