2016 ND 79

**CITY OF FARGO, Plaintiff and Appellee**

v.

**William RAKOWSKI, Defendant and Appellant.**

**No. 20150349.**

Supreme Court of North Dakota.

April 12, 2016.

Casey W. Moen, (argued) and Ian McLean (appeared), City of Fargo Prosecutor's Office, Fargo, ND, for plaintiff and appellee.

Jonathan T. Garaas, Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   William Rakowski appeals after a district court granted summary judgment in favor of the City of Fargo.  Rakowski argues the district court erred because Fargo did not have authority to assess a re-inspection fee, Fargo was required to have a search warrant before re-inspecting the house, the re-inspection fee constituted an illegal bill of attainder, Fargo's claim was barred by double jeopardy and res judicata and he was entitled to relief under 42 U.S.C. § 1983.  We affirm.

I

[¶ 2]   Rakowski owns rental houses in Fargo.  In November 2011 Fargo inspected one of the houses owned by Rakowski and found the garage was deteriorating, the siding on the house was deteriorating, two egress window wells were collapsing and one window was broken.  Fargo notified Rakowski of the need for repairs and re-inspection.  The house was re-inspected on December 12, 2011, December 29, 2011, January 23, 2012 and February 27, 2012.  Fargo charged Rakowski a single $100 fee for the January 23, 2012 re-inspection, which Rakowski did not pay.  Fargo brought a small claims action to collect the fee, Rakowski removed the claim to district court and both parties moved for summary judgment.  The district court granted summary judgment in favor of Fargo and Rakowski appeals.

II

[¶ 3]   Rakowski argues the district court erred granting summary judgment because Fargo did not have authority to charge a re-inspection fee.  Our review of summary judgment is well established:

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Hamilton v. Woll,* 2012 ND 238, ¶ 9, 823 N.W.2d 754 (quoting *Wenco v. EOG Res., Inc.,* 2012 ND 219, ¶ 8, 822 N.W.2d 701).

[¶ 4] Inspection of rental properties is permitted by state law and Fargo ordinance. Section 40–05–01(1), N.D.C.C., provides in relevant part:

"The governing body of a municipality shall have the power:

1. Ordinances. To enact or adopt all such ordinances, resolutions, and regulations, not repugnant to the constitution and laws of this state, as may be proper and necessary to carry into effect the powers granted to such municipality or as the general welfare of the municipality may require.... The governing body of a municipality may adopt by ordinance the conditions, provisions, and terms of a building code, a fire prevention code, a plumbing code, an electrical code, a sanitary code, vehicle traffic code, or any other standard code.... Fines, penalties, and forfeitures for the violation thereof may be provided within the limits specified in this chapter notwithstanding that such offense may be punishable also as a public offense under the laws of this state."

[¶ 5] Fargo's city inspector John Mrozla found Rakowski in violation of the International Property Maintenance Code ("IPMC"). The IPMC compiles minimum requirements and standards for an existing structure's light, ventilation, space, heating, sanitation, protection from hazards and safe and sanitary maintenance. IPMC § 101.2 (Int'l Code Council, Inc., 2012). Chapter 31 of the Fargo Code of Ordinances adopted the 2012 edition of the IPMC by reference. Fargo Municipal Code § 31–0101. The IPMC provides for a code official who is given authorization to inspect existing premises and issue notices and orders to enforce the code's provisions. IPMC § 104.1–5 (2012). The code also provides for fees for services necessary to carry out such responsibilities. IPMC § 103.5 (2012). Jurisdictions adopting the IPMC are left to insert an appropriate fee schedule. *Id.*

[¶ 6] Charging a fee for re-inspections of rental properties also is permitted by state law and Fargo ordinance. Section 40–05.1–06(2), N.D.C.C., provides cities with the authority to levy and collect taxes, excises, fees and charges "for benefits conferred, for its public and proprietary functions, activities, operations, undertakings, and improvements...." Fargo's code provides the following fee scale for property inspections under IPMC § 103.5:

"The fees for activities and services performed by the department in carrying out its responsibilities under this code shall be as indicated in the following schedule:

A. Initial Inspection.—No charge

B. First Re-inspection.—No charge

C. Second Re-inspection.—As to the second re-inspection a fee of $100

D. Third Re-inspection.—As to the third re-inspection, a fee of $100

E. Fourth and continuing Re-inspections.—As to the fourth and any subsequent re-inspection, a fee of $100"

Fargo Municipal Code § 31.0102.

[¶ 7] Municipal ordinances like these are "presumed valid, and a court will not declare [an] ordinance invalid unless it is 'clearly arbitrary, unreasonable and without relation to public health, safety, morals or public welfare.'" *City of Grand Forks v. Lamb*, 2005 ND 103, ¶ 22, 697 N.W.2d 362 (citing *A & H Services, Inc. v. City of Wahpeton*, 514 N.W.2d 855, 857 (N.D.1994)). In reviewing a similar issue, this Court held a municipal ordinance which authorized a $500 fee for building code violations was neither arbitrary nor unreasonable in *City of Grand Forks v. Lamb*, 2005 ND 103, ¶¶ 23–25, 697 N.W.2d 362 ("We conclude that Lamb failed to carry the burden of demonstrating the City exceeded its authority by adopting the penalty provision in G.F.C.C. § 19–0121 . . . .").

[¶ 8] Rakowski has not shown the fee scale is clearly arbitrary, unreasonable and without relation to the public health, safety, morals or public welfare. A city has discretion to decide how to implement laws that promote public safety. Fargo's re-inspection fee is a regulatory means of reimbursing municipal authorities for the time and cost of re-inspecting city properties for compliance. Fargo's use of an inspector, and its need to be reimbursed for those costs, is not arbitrary or unreasonable and is within the "range of reasonableness" that is "not to be interfered with or upset by the judiciary." *Ennis v. City of Ray*, 1999 ND 104, ¶ 8, 595 N.W.2d 305.

III

[¶ 9] Rakowski argues a search warrant was required before Fargo could inspect the house. The Fourth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, and art. I, § 8 of the North Dakota Constitution protect North Dakotans from unreasonable searches and seizures.

"A search does not occur unless the government violates an individual's reasonable expectation of privacy. If an individual has a reasonable expectation of privacy in an area, the government must obtain a warrant prior to conducting a search unless an exception to the warrant requirement applies."

*State v. Mittleider*, 2011 ND 242, ¶ 14, 809 N.W.2d 303 (internal citation omitted).

[¶ 10] Rakowski points to no facts indicating whether or how a search was made. We have been provided with no meaningful record as to what prompted the rental inspection, what actions the inspector took during the inspection or any efforts Rakowski made to refuse such an inspection. "If the record on appeal does not allow a meaningful and intelligent review of the alleged error, we decline to review it." *State v. Stockert*, 2004 ND 146, ¶ 13, 684 N.W.2d 605 (citing *Sabot v. Fargo Women's Health Organization, Inc.*, 500 N.W.2d 889, 892 (N.D.1993); *Flattum-Riemers v. Flattum-Riemers*, 2003 ND 70, ¶ 8, 660 N.W.2d 558; *Wagner v. Squibb*, 2003 ND 18, ¶ 5, 656 N.W.2d 674).

## IV

[¶ 11] Rakowski argues the re-inspection fee establishes an unconstitutional bill of attainder. The United States Supreme Court explained a bill of attainder as "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of General Servs.*, 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977) (citing *United States v. Brown*, 381 U.S. 437, 445, 447, 85 S.Ct. 1707, 1713, 1714, 14 L.Ed.2d 484 (1965)). "[L]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution." *U.S. v. Lovett*, 328 U.S. 303, 315, 66 S.Ct. 1073, 1079, 90 L.Ed. 1252 (1946).

[¶ 12] No evidence shows Rakowski either was named or singled out as an individual upon whom punishment was inflicted. Fargo's code applies to property owners as a whole and exists for the non-punitive purpose of reimbursing Fargo for expenses associated with re-inspections. Even where fees are punitive, "[l]egislatures may act to curb behavior which they regard as harmful to the public welfare, whether that conduct is found to be engaged in by many persons or by one." *Communist Party of the United States v. Subversive Activities Control Board*, 367 U.S. 1, 88, 81 S.Ct. 1357, 1406, 6 L.Ed.2d 625 (1961).

[¶ 13] "An ordinance is not made an attainder by the fact that the activity it regulates is described with such particularity that, in probability, few organizations will fall within its purview." *WMX Technologies, Inc. v. Gasconade County, Mo.*, 105 F.3d 1195, 1202 (8th Cir.1997) ("Nor do we agree that the ordinance designates [defendant] singularly because it is the only entity which has operated a landfill in the past and is the only entity currently pursuing a project for which a permit is required under the ordinance."). Rather than attaching to a specified person, Fargo's fee scale attaches to described activities in which a Fargo official may or may not engage. The ordinance does not single out Rakowski and therefore cannot be characterized as a bill of attainder.

## V

[¶ 14] Rakowski argues Fargo's claim is barred by double jeopardy and res judicata because he previously pled guilty in Fargo Municipal Court for violations of the property code. "It is well established double jeopardy protects against successive prosecutions and punishments for the same criminal offense." *State v. Hammer*, 2010 ND 152, ¶ 23, 787 N.W.2d 716 (quoting *Unser v. N.D. Workers Comp. Bureau*, 1999 ND 129, ¶ 14, 598 N.W.2d 89). This is a civil case in which Fargo has charged Rakowski a $100 fee for re-inspection of his house. Because Rakowski was not successively prosecuted or punished for the same criminal offense, double jeopardy does not apply.

[¶ 15] Rakowski also argues res judicata applies. "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Hager v. City of Devils Lake*, 2009 ND 180, ¶ 10, 773 N.W.2d 420 (citing *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101). In his brief, Rakowski mentioned he pled guilty and was fined with relation to property inspections in 2012. Fargo argues the dates of violation in the criminal case were February 27, 2012 through March 21, 2012

and because the January 23, 2012 re-inspection fee precedes those dates, res judicata does not apply.

[¶ 16] Rakowski failed to make the criminal case part of the record to permit a meaningful and intelligent review of such evidence. Rakowski has not shown what he was convicted of or how those convictions constitute relitigation of a January 23, 2012 re-inspection fee. Without such evidence we are unable to review which inspections or even which houses were at issue in the criminal case. We cannot say the district court abused its discretion finding res judicata did not apply and granting Fargo's motion for judgment as a matter of law.

## VI

[¶ 17] Rakowski argues he filed a counterclaim against Fargo under 42 U.S.C. § 1983, which the district court erred in dismissing.

> "A pleading that states a claim for relief—whether an original claim, a counterclaim, a crossclaim, or a third-party claim—must contain:
>
> (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (2) a demand for the relief sought, which may include relief in the alternative or different types of relief."

N.D.R.Civ.P. 8(a). Rakowski stated, "the actions of the City of Fargo caused Defendant to be deprived of his rights, privileges, or immunities secured by the Constitution and laws, so that the City of Fargo shall be liable to Defendant under 42 U.S.C. § 1983, and related statutory concepts." The district court stated:

> "It should be noted that in Defendant's Motion for Summary Judgment, he states that he seeks 'summary judgment on all matters raised except for the amount to be recovered under 42 U.S.C. § 1983....' However, Defendant has never filed a counterclaim for a § 1983 action against the Plaintiff. As there is no pending § 1983 action properly before the Court,' the Court will disregard this language in Defendant's motion."

Because Rakowski's attempted counterclaim did not show why he was entitled to relief under 42 U.S.C. § 1983 or contain a demand for the relief sought, he did not comply with N.D.R.Civ.P. 8(a) and did not sufficiently establish a claim for relief. Even if Rakowski properly asserted a claim under 42 U.S.C. § 1983, he did not establish violations of his constitutional rights because we already have held the district court correctly resolved those issues as a matter of law.

## VII

[¶ 18] Rakowski argues summary judgment was inappropriate because the facts alleged in his Request for Admissions were conclusively established when Fargo failed to respond to, withdraw or amend them. Parties may serve each other with a "written request to admit ... the truth of any matters within the scope of Rule 26(b) relating to facts, the application of law to fact, or opinions about either...." N.D.R.Civ.P. 36(a)(1)(A). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection...." N.D.R.Civ.P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." N.D.R.Civ.P. 36(b).

[¶ 19] "[E]ven if factual disputes exist between the parties, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result.... Such facts in

essence are not material facts." *Gowin v. Hazen Memorial Hosp. Ass'n,* 349 N.W.2d 4, 8 (N.D.1984) (citing *Spier v. Power Concrete, Inc.,* 304 N.W.2d 68, 72 (N.D.1981).) Rakowski did not point to statements in his Request for Admissions which raised a material factual issue. Because Rakowski has not shown how the resolution of a factual dispute would change the result in this case, no dispute of material fact exists and the case must be decided solely on the legal issues presented. The information available precluded the existence of a genuine issue of material fact and entitled Fargo to summary judgment as a matter of law.

### VIII

[¶ 20] The district court did not err granting summary judgment because Fargo had authority to assess a re-inspection fee, there is no evidence of an unconstitutional search, the re-inspection fee did not constitute an illegal bill of attainder, Fargo's claim was not barred by double jeopardy or res judicata and Rakowski was not entitled to relief under 42 U.S.C. § 1983.

[¶ 21] Rakowski raised numerous other issues. We have considered the remaining issues and arguments and find them to be unnecessary to our decision or without merit.

[¶ 22] The district court summary judgment is affirmed.

[¶ 23] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.