1999 ND 56

**Burton L. WHITMIRE, Plaintiff and Appellant,**

v.

**Audree WHITMIRE, Defendant and Appellee.**

**Civil No. 980257.**

Supreme Court of North Dakota.

March 29, 1999.

As Amended April 7, 1999.

William C. Severin, of Severin, Ringsak & Morrow, Bismarck, ND, for plaintiff and appellant.

Leslie Bakken Oliver, of Kapsner and Oliver, Bismarck, ND, for defendant and appellee.

MARING, Justice.

[¶ 1] Burton L. Whitmire (Whitmire) appealed from a Fourth Amended Judgment modifying child support and awarding attorney fees to his former spouse, Audree Whitmire (herein referred to as McLean, her surname). We hold the court erred in imputing income to Whitmire from his residence and in awarding attorney fees unsupported by proper documentation. We affirm in part, reverse in part, and remand for further proceedings.

[¶ 2] Whitmire and McLean were married in 1993, and together had one daughter of their marriage, Sierra. The parties divorced in December 1995, and McLean was awarded primary physical custody of Sierra with reasonable visitation for Whitmire. In June 1996 Whitmire filed a motion requesting the court to change Sierra's primary physical custody to himself. McLean resisted the motion, alleging it was totally ungrounded, and requested attorney fees for the proceedings. On July 10, 1996, the trial court appointed a guardian ad litem and declared it would consider McLean's motion for attorney fees at a later time.

[¶ 3] During March 1997 Whitmire failed to return Sierra from a scheduled visitation and left the state with her. On March 24, 1997 the trial court entered an order, based upon an emergency motion brought by McLean, awarding her exclusive custody of Sierra. Whitmire returned to the state with Sierra, and on April 4, 1997, the trial court entered a Second Amended Judgment placing custody of Sierra with McLean and ordering strictly supervised visitation for Whitmire. The Second Amended Judgment provided the parties would be responsible for their own attorney fees. Whitmire appealed from the Second Amended Judgment

and, because no evidentiary hearing had been held prior to its entry, this Court reversed that judgment in its entirety and remanded for further proceedings. *Whitmire v. Whitmire*, 1997 ND 214, ¶ 23, 570 N.W.2d 231.

[¶ 4] At the conclusion of the evidentiary hearing, the trial court stated from the bench it was not going to consider attorney fees "at this time," but told McLean she could make a separate motion with regard to that issue. On February 26, 1998, a Third Amended Judgment was entered awarding custody of Sierra to McLean with supervised visitation for Whitmire.

[¶ 5] On March 26, 1998, McLean filed a motion with the trial court for a review of Sierra's child support, reimbursement of medical expenses, and an award of attorney fees. After a hearing, the trial court ordered entry of a Fourth Amended Judgment, in which the court increased Whitmire's child support obligation from $250 per month to $280 per month and continued Whitmire's contribution to child care in the amount of $25 per month. The court also ordered Whitmire to reimburse McLean for one-half of Sierra's medical expenses and awarded McLean $3,347 in attorney fees. Whitmire appealed.

### Child Support

[¶ 6] Whitmire asserts the trial court erred in setting the child support amount by erroneously imputing rental income to him from a basement apartment in his residence and also from a house purchased by Whitmire in McClusky. In *Buchholz v. Buchholz*, 1999 ND 36, ¶¶ 11–12, 590 N.W.2d 215, we reformulated our standard of reviewing trial court awards of child support:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law

when it fails to comply with the requirements of the Guidelines. . . .

As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support. *Berg v. Ullman ex rel. Ullman*, 1998 ND 74, ¶ 18, 576 N.W.2d 218. "A proper finding of net income is essential to a determination of the correct amount of child support under the guidelines." *Schleicher v. Schleicher*, 551 N.W.2d 766, 769 (N.D. 1996). N.D. Admin. Code § 75–02–04.1–02(10) requires "a child support order include a statement of the obligor's net income and 'how that net income was determined.'" *Id.*

[¶ 7] At the June 1, 1998 hearing, Whitmire testified he purchased a house in McClusky during 1997 for $3,500 and rented it to his sister for $200 per month. Whitmire testified he later gave the house to his parents because it was not livable and he did not want to be responsible for the taxes on it. The trial court imputed income to Whitmire of $200 per month for the McClusky house.

[¶ 8] Under the child support guidelines, the court can impose an upward deviation from the scheduled support amount if the obligor "has engaged in an asset transaction for the purpose of reducing the obligor's income available for payment of child support." N.D. Admin. Code § 75–02–04.1–09(2)(h). *See also Wagner v. Wagner*, 1998 ND 117, ¶ 7, 579 N.W.2d 207. The trial court found Whitmire purchased the McClusky house and soon thereafter transferred title to his parents, without compensation for it. The trial court implicitly found the gratuitous transfer of the house by Whitmire was for the purpose of reducing his income for child support purposes. We conclude this implicit finding is supported by the record evidence and is not clearly erroneous. We further conclude the trial court did not abuse its discretion in imputing rental income to Whitmire from the McClusky house, resulting in an upward deviation from Whitmire's scheduled support obligation.

██ [¶ 9] The trial court also imputed $350 of monthly rental income from a basement apartment in Whitmire's residence. Whitmire testified at the June 1, 1998, hearing he had previously rented the basement apartment in his residence for $350 per month, but his brother was now living there rent free and Whitmire was receiving no rental income from it. The child support guidelines expressly preclude the court from imputing income from an obligor's homestead for purposes of determining the obligor's child support obligation. The relevant language is found under N.D. Admin. Code § 75–02–04.1–09(2)(g) and (3):

> 2. The presumption that the amount of child support that would result from the application of this chapter, except for this subsection, is the correct amount of child support is rebutted only if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported children and:
>
> . . . .
>
> g. The increased ability of an obligor, who is able to secure additional income from assets, to provide child support;
>
> . . . .
>
> 3. Assets may not be considered under subdivisions g and h of subsection 2, to the extent they:
>
> a. Are exempt under North Dakota Century Code section 47–18–01; . . .

N.D.C.C. § 47–18–01 defines the homestead exemption:

> The homestead of any person, whether married or unmarried, residing in this state shall consist of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed eighty thousand dollars in value, over and above liens or encumbrances or both.

1. If, however, an obligor chooses to receive rental income from his residence or homestead, the monies actually received would constitute "income from any source" and would be includable

Construing the unambiguous language of this statute together with the relevant guidelines, we conclude the court cannot impute income from an obligor's homestead in calculating income for child support purposes.[1] *See Reinecke v. Griffeth,* 533 N.W.2d 695, 700 (N.D. 1995). The guidelines prevent an obligor from being forced to lease all or any part of his residence. We conclude the trial court erred, as a matter of law, when it imputed to Whitmire rental income from the basement apartment of his residence. On remand, the trial court must eliminate the $350 monthly imputed income from its calculations and redetermine Whitmire's child support obligation.

### Attorney Fees

██ [¶ 10] The trial court awarded McLean attorney fees of $3,347 stating "[t]he attorney fees and costs awarded include those incurred in preparation for the custody hearing and the fees and costs incurred after the Supreme Court hearing in this matter." Whitmire claims the trial court was barred from awarding attorney fees under the doctrine of res judicata, because the Second Amended Judgment, entered on April 4, 1997, required the parties to pay their own attorney fees.

██ [¶ 11] The Second Amended Judgment was reversed in its entirety by this Court in Whitmire's appeal from that judgment. *Whitmire,* 1997 ND 214, ¶ 23, 570 N.W.2d 231. We explained in *Mahoney v. Mahoney,* 1997 ND 149, ¶ 36, 567 N.W.2d 206, a reversed judgment cannot serve as res judicata:

> A judgment generally has no res judicata effect if it has been reversed by an appellate court. An appellate reversal vacates the judgment so that the parties are placed in the same position as before entry of the judgment. An order dependent on a judgment that is reversed falls with the judgment. . . . As *Bergstrom [v. Bergstrom],* 320 N.W.2d [119] at 122 [(N.D. 1982)], explained, an award of attorney fees and costs depends on the judgment.

in the obligor's gross income for determining the child support obligation. *See* N.D. Admin. Code §§ 75–02–04.1–01(5) and (7), and 75–02–04.1–10.

Here, the prior award of $2,500 in attorney fees and costs was not res judicata because it was dependent on the underlying judgment we reversed in *Mahoney II*.

(citations omitted). Here the Second Amended Judgment was reversed and, therefore, has no res judicata effect on the attorney fee issue.

[¶ 12] Furthermore, McLean brought the issue of attorney fees before the court on more than one occasion, wherein the court expressly reserved resolution of the issue for a later time. When Whitmire requested a change of custody in June 1996, McLean resisted the motion and requested attorney fees. In its July 10, 1996 order the trial court specifically reserved the attorney fee issue for resolution at a later time. When the Second Amended Judgment was reversed for lack of an evidentiary hearing, McLean again requested attorney fees in proceedings following the remand from the reversal. The trial court, at the January 26, 1998 hearing, again said it would not then deal with the attorney fee issue but McLean could bring a separate motion for attorney fees. The court, in the February 26, 1998, Third Amended Judgment, modified custody provisions of the original decree. Although the Third Amended Judgment states, "[t]he remainder of the Judgment not specifically modified herein, shall stand as entered" the court, from the bench, expressly reserved the attorney fee issue for later resolution. On March 26, 1998, McLean filed a motion requesting review of child support and medical expenses, and she renewed her request for attorney fees.

[¶ 13] The trial court has continuing jurisdiction in *divorce actions regarding post*-judgment matters. *See, e.g., Whitehead v. Whitehead*, 336 N.W.2d 363, 365 (N.D.1983). We conclude the trial court retained jurisdiction in this case to deal with attorney fees, for legal services relating to Whitmire's June 1996 motion for change of custody and for all proceedings in this case occurring thereafter.

[¶ 14] Whitmire also complains the trial court's award of attorney fees is not supported by "an itemized breakdown" upon which the court could determine the requested fees were fair and reasonable. A trial court has considerable discretion in formulat-ing an award of attorney fees, and the award will not be overturned unless the complaining party affirmatively establishes the trial court abused its discretion. *Mahoney v. Mahoney*, 1997 ND 149, ¶ 38, 567 N.W.2d 206. An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs. *Van Dyke v. Van Dyke*, 538 N.W.2d 197, 203 (N.D.1995). An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate. *See First Trust v. Rub*, 510 N.W.2d 583, 585 (N.D.1994); *City of Devils Lake v. Davis*, 480 N.W.2d 720, 726 (N.D.1992); *Sturdevant v. Sturdevant*, 315 N.W.2d 263, 269 (N.D.1982).

[¶ 15] The affidavit accompanying McLean's request for attorney fees does not describe the specific legal services performed or the amount of time spent performing these services. Consequently, there is no evidentiary basis upon which the court could determine the reasonableness or legitimacy of the requested attorney fees. Under these circumstances, we conclude the trial court abused its discretion in awarding attorney fees to McLean unsupported by proper documentation. Upon remand, the court can reconsider the attorney fee request for legal services relating to Whitmire's June 1996 motion for change of custody and for all proceedings in this case occurring thereafter, providing McLean presents sufficient supporting documentation and Whitmire is given an opportunity to respond and challenge the request.

[¶ 16] The Fourth Amended Judgment is reversed, and the case is remanded with directions the trial court reconsider McLean's request for attorney fees and recalculate Whitmire's child support obligation without imputing rental income from Whitmire's homestead.

[¶ 17] Affirmed in part, reversed in part, and remanded.

[¶ 18] VANDE WALLE, C.J., and NEUMANN, J., concur.

[¶ 19] MAURICE R. HUNKE, District Judge, and GERALD G. GLASER, Surrogate Judge, sitting in place of SAND-STROM, J., and KAPSNER, J., disqualified.

GLASER, Surrogate Judge, concurring in part and dissenting in part.

[¶ 20] I have a problem with the majority opinion because the trial court apparently said one thing but, legally speaking, did another. I refer to the fact that the trial court declined to rule on a request for attorney's fees because it considered it not "properly before me at this time." She went on to suggest that the defendant "could make a separate motion with regard to that issue if you want...." That is far from concluding, as does the majority, that the trial court "expressly reserved the attorney fee issue for later resolution." On the contrary, the trial court ordered the entry of the third amended judgment which required the parties to pay their own attorney's fees and costs. That judgment was not appealed and became final before the question of attorney's fees was raised in the fourth proceeding. When a judgment becomes final it is not subject to retroactive revision except in limited circumstances not present here.

[¶ 21] Accordingly, I would limit consideration of the attorney fee question to activity that took place after the third amended judgment was entered on remand from the first appeal in this case.

[¶ 22] MAURICE R. HUNKE, District Judge, concurs.