Filed 7/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 146

Calvin Wahl and Laurie Wahl, Plaintiffs and Appellants

v.

Northern Improvement Company a/k/a 

McCormick Incorporated and United 

Rentals Highway Technologies, Inc., Defendants and Appellees

No. 20100295

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Zane Anderson, Judge.

AFFIRMED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Daniel Harry Oster (argued) and Brenda A. Neubauer (appeared), 619 Riverwood Dr., Suite 202, P.O. Box 1015, Bismarck, ND 58502-1015, for plaintiffs and appellants.

Brenda L. Blazer (argued) and Mandy R. Maxon (appeared), U.S. Bank Bldg., 200 North 3rd Street, Suite 201, P.O. Box 2097, Bismarck, ND 58502-2097, for defendant and appellee, Northern Improvement Company.

Douglas W. Gigler (argued), 1800 Radisson Tower, 201 5th Street North, P.O. Box 2626, Fargo, ND 58108-2626, for defendant and appellee, United Rentals Highway Technologies, Inc.

Wahl v. Northern Improvement Co.

No. 20100295

Crothers, Justice.

[¶1] Calvin and Laurie Wahl (“the Wahls”) appeal the district court’s amended judgment entered after a jury found Northern Improvement Company and United Rentals Highway Technologies, Incorporated were not liable for injuries the Wahls sustained in a motorcycle accident.  The Wahls argue the district court abused its discretion by scheduling the trial for four days, by allowing the jury to separate for twelve days before hearing closing arguments and deliberating and by awarding Northern Improvement’s expert witness fees.  We affirm the portion of the district court’s amended judgment entered after the jury’s verdict finding Northern Improvement and United Rentals were not liable for the Wahl’s injuries and remand for determination whether Northern Improvement’s expert fees for Thomas Alcorn are reasonable.

I

[¶2] On March 19, 2008, the Wahls filed a complaint alleging that Northern Improvement left an improper road grade between two lanes on the highway and that Northern Improvement and United Rentals negligently placed road signage in a construction area causing Calvin Wahl’s motorcycle accident.  Northern Improvement and United Rentals denied the allegations. 

[¶3] On October 3, 2008, the district court issued a scheduling order estimating a four- to five-day trial.  A pre-trial conference was held.  At the conference, the district court stated the trial was scheduled for four days, Tuesday through Friday.  The Wahls did not object to scheduling the trial for four days.  The trial was continued due to the Wahl’s attorney’s illness and again was scheduled for four days.  

[¶4] The jury trial began on Tuesday, April 13, 2010.  On Friday, April 16, 2010, the trial was not finished, and it was apparent the trial would not be completed before the end of the day.  The parties and the judge met in chambers.  The in-chambers conversation was not recorded, but the parties agree the judge informed them that he was not available the following week.  The trial was continued to April 28, 2010, and closing arguments and jury deliberations were completed that day.  The jury returned a verdict finding Northern Improvement and United Rentals not liable for the Wahl’s injuries.  

[¶5] Northern Improvement and United Rentals filed their statement of costs.  The amended final judgment on the jury verdict awarding Northern Improvement and United Rentals their costs was filed on July 22, 2010.  The Wahl’s objected to Northern Improvement’s statement of costs.  The district court held a hearing about the costs and disbursements.  After the hearing, the district court issued an order awarding Northern Improvement and United Rentals their costs and disbursements.  The Wahls appeal.  

II

[¶6] The Wahls assert the district court abused its discretion by scheduling the trial for four days instead of five days.  “A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice.”  
Manning v. Manning
, 2006 ND 67, ¶ 30, 711 N.W.2d 149.  “In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed.”  
Hartleib v. Simes
, 2009 ND 205, ¶ 15, 776 N.W.2d 217.  “A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner.”  
Id.
  

[¶7] At the pre-trial conference, the Wahls expressed concern that the trial would take more than the four days allotted, stating:

“[The Wahl’s Counsel]:—actually talking and we thought four days may not be enough, but—

The Court: Really?

[The Wahl’s Counsel]: Yeah. 

The Court: Well, we have four days.  Are there scheduling problems?  Have you tried to work out that?  Do we need to talk about setting a time limit as far as how much time you have to present your case so it is fair to the other side?

[The Wahl’s Counsel]: No, I don’t—I don’t think so.  I just think that there’s just so many witnesses and issues.  A lot of our witnesses are going to be the same.  It’s just there’s a lot of people that—

The Court: Anyway, we have four days and I guess—

[The Wahl’s Counsel]: Right.  We’ll just have to—

The Court:—if we have a problem—

[The Wahl’s Counsel]:—get it done. 

The Court:—then we will have to figure it out. 

[The Wahl’s Counsel]: Right.” 

[¶8] The Wahls never objected to the scheduling.  The parties knew the scheduled number of days and had ample time to plan their presentation of evidence accordingly.  Neither party accepted the district court’s offer to set time limits for presentation of evidence.  The district court also had a duty to follow North Dakota Jury Standard 18, which instructs judges, when possible, to not hold jury deliberations outside of normal working hours.  
See
 N.D. Sup. Ct. Admin. R. 9(5) (“The administration and management of the jury system in this state shall comply with the Standards Relating to Juror Use and Management.”).  We conclude the district court did not abuse its discretion by scheduling the trial for four days.  

III

[¶9] The Wahls argue the district court abused its discretion by allowing the jury to separate for twelve days before hearing closing arguments and deliberating.  It is undisputed that the Wahls suggested finishing the trial Friday and allowing the jury to deliberate on Monday.  However, there was no objection to the jury’s separation. 

[¶10] The Wahls assert § 28-14-18, N.D.C.C., which allows temporary separation of jurors, governs the district court’s conduct in this case.  Section 28-14-18, N.D.C.C., applies “[w]hen the case finally is submitted to the jurors.”  The case was not submitted to the jurors when they separated.  Thus, by the terms of the statute, it does not apply to this case.

[¶11] The Wahls do not assert any specific ways they were prejudiced by the jury’s twelve-day separation; however, they urge this Court to adopt a Vermont court’s reasoning that the separation is prejudicial as a matter of law.  
See
 
State v. White
, 274 A.2d 690 (Vt. 1971).  In 
White
, the jury in a felony criminal case was allowed to separate for sixty-two days, and the record did not reveal whether the jurors were instructed to avoid outside influences.  
Id.
 at 694.  The Vermont court stated, “[W]hen dealing with the integrity of the jury the party claiming the abuse has only to show the existence of circumstances capable of prejudicing the deliberate function of the jury.  He is not required to prove that they actually did so.”  
Id.
  We decline to adopt the Vermont court’s position because, even assuming separation was error, North Dakota law requires demonstrating prejudice.  
See
 
Keyes v. Amundson
, 343 N.W.2d 78, 82  (N.D. 1983). 

[¶12] The Wahls urge this Court to reverse the district court’s judgment based on the result in 
Keyes
, 343 N.W.2d at 78.  However, 
Keyes
 involved both jury separation and juror misconduct.  
Id.
 at 81-82.  In that case, during the separation, two jurors investigated the accident scene and then, during jury deliberations, told the other jurors about their findings.  
Id.
 at 82.  By contrast, the record here does not contain evidence that any improper juror conduct occurred.  We conclude, the district court did not abuse its discretion by allowing the jurors to separate for twelve days after the presentation of evidence because no objection to the separation existed and because no showing of prejudice by the separation was made. 

IV

[¶13] The Wahls assert the district court abused its discretion by awarding Northern Improvement all of its expert fees for Dr. Swenson, an emergency physician, and Thomas Alcorn, an engineering expert.  Northern Improvement argues its expert fees were reasonable.  “A trial court’s decision on fees and costs under N.D.C.C. § 28-26-

06 will not be overturned on appeal unless an abuse of discretion is shown.”  
Lemer v. Campbell
, 1999 ND 223, ¶ 6, 602 N.W.2d 686.  “A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner.”  
Id.
 

[¶14] Section 28-26-06(5), N.D.C.C., provides:

“[T]he clerk of district court shall tax as a part of the judgment in favor of the prevailing party the following necessary disbursements:

. . . . 

5. The fees of expert witnesses.  The fees must be reasonable fees as determined by the court, plus actual expenses.”

A

[¶15] The Wahls argue they should not have to pay for the time Dr. Swenson spent learning about helmet usage.  The district court found that Dr. Swenson was asked several questions during his deposition about helmet usage and that it was reasonable for him to read articles regarding helmet usage before trial.  Those findings are supported by the record.  In addition, the amount of fees paid for an expert witness’s preparation is in the sole discretion of the district court.  
See
 N.D.C.C. § 28-26-

06(5)(b) (“The following are nevertheless in the sole discretion of the trial court . . . [t]he amount of fees to be paid such allowed expert witnesses, including an amount for time expended in preparation for trial.”).  The district court did not abuse its discretion by awarding Northern Improvement Dr. Swenson’s fees.  

B

[¶16] The Wahls argue they were unable to effectively challenge Alcorn’s expert fees because Northern Improvement did not provide an itemized bill. More specifically, the Wahls assert that some of Alcorn’s charges may have accrued before the litigation and that some of the fees were too high.  Northern Improvement asserts it was not required to produce an itemized bill because the district court was able to determine the reasonableness of Alcorn’s expert fees based on the limited information Northern Improvement provided.  The district court found Alcorn’s fees were reasonable by relying on Alcorn’s fee and billing schedule and Alcorn’s report.  The district court also stated, “[A]n hourly itemization and breakdown would have been helpful.”   

[¶17] The question about the necessary detail of an expert witness’s billing records has not been answered by this Court.  But we have discussed the proof required for recovery of attorney fees. “The trial court is considered an expert in determining the amount of attorney fees.”  
State Farm Fire and Cas. Co. v. Sigman
, 508 N.W.2d 323, 327 (N.D. 1993).  “There are numerous factors for the trial court to consider in determining the reasonableness of attorney fees, including: the time and labor required; the novelty and difficulty of the questions involved; the skill required to properly perform the legal services; the customary fee; and the result obtained.”  
Id.
; 
see also
 
Heng v. Rotech Med. Corp.
, 2006 ND 176, ¶ 30, 720 N.W.2d 54; 
T.F. James Co. v. Vakoch
, 2001 ND 112, ¶ 23, 628 N.W.2d 298. 

[¶18] Other jurisdictions use factors similar to those used for awarding legal fees to determine whether expert fees are reasonable.  
See, e.g.
, 
In re Marriage of Winton
, 576 N.E.2d 856, 862 (Ill. App. Ct. 1991) (“The case law setting out the standards for determining the reasonableness of attorney fees provides useful guidelines for making this determination.); 
Kilsheimer v. Dewberry & Davis
, 665 A.2d 723, 737 (Md. Ct. Spec. App. 1995) (stating the factors used for determining reasonable attorney fees should be used as guidelines for determining the reasonableness of expert witness fees).  This approach is consistent with a legal encyclopedia providing:

“In determining a ‘reasonable’ expert witness fee, the court should consider: (1) the common-law area of expertise; (2) education and training that is required to provide expert insight that is sought; (3) prevailing rates of other comparably respected available experts; (4) nature, quality, and complexity of discovery responses provided; (5) the fee actually being charged to the party who retains the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated.”  

98 C.J.S. 
Witnesses
 § 86 (2002).  We agree that these factors are useful for determining  whether expert fees are reasonable.  

[¶19] In 
Whitmire v. Whitmire
, an attorney attached an affidavit to his attorney fee request that did not describe the specific legal services performed or the amount of time spent on the services.  1999 ND 56, ¶ 15, 591 N.W.2d 126.  The trial court awarded the fees.  
Id.
  The argument on appeal was that the award of attorney fees was error because the request was not supported by an itemized breakdown.  
Id.
 at ¶ 14.  This Court stated, 

“An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate. . . .  [T]here is no evidentiary basis upon which the court could determine the reasonableness or legitimacy of the requested attorney fees.  Under these circumstances, we conclude the trial court abused its discretion in awarding attorney fees to [the attorney] unsupported by proper documentation.” 

Id.
 at ¶¶ 14-15.  Similarly here, Northern Improvement did not provide an itemized bill.  It was an abuse of discretion to award Alcorn’s expert witness fees without explaining why the fees were reasonable and without an itemized bill that allowed the Wahls to effectively challenge the reasonableness of Alcorn’s expert witness fees.  We remand for the district court to determine the reasonableness of Alcorn’s expert witness fees. 

[¶20] Northern Improvement asserts it is not required to produce Alcorn’s itemized bills because they are privileged.  Rule 26(b)(4), N.D.R.Civ.P., distinguishes between discovery of materials from an “[e]xpert [w]ho [m]ay [t]estify” and an “[e]xpert [e]mployed [o]nly for [t]rial [p]reparation.”  If Northern Improvement persists in its privilege argument on remand, the district court will need to determine whether Alcorn’s itemized invoices are discoverable under N.D.R.Civ.P. 26(b)(4).  

V

[¶21] We affirm the portion of the district court’s amended judgment entered after the jury’s verdict finding Northern Improvement and United Rentals were not liable for the Wahl’s injuries and remand for the district court to determine whether Northern Improvement’s expert fees for Alcorn are reasonable. 

[¶22] Daniel J. Crothers

Mary Muehlen Maring

Dale V. Sandstrom

Gail H. Hagerty, D.J.

Gerald W. VandeWalle, C.J.

[¶23] The Honorable Gail H. Hagerty, D.J., sitting in place of Kapsner, J., disqualified.