Crothers, Justice.
 

 *877
 
 [¶ 1] G. John Schmitz appeals a judgment awarding fees and costs after a jury verdict in his favor in an eminent domain action. Schmitz argues the district court abused its discretion by arbitrarily reducing attorney fees, expert fees and litigation costs. We affirm the judgment in part, reverse it in part, and remand.
 

 I
 

 [¶ 2] The North Dakota Department of Transportation (the "DOT") took Schmitz's property through an eminent domain quick-take action. The DOT deposited $973,380.00 with the Williams County Clerk of Court for the taking. Schmitz disputed the amount and timely served a notice of appeal. In September and October of 2014, the parties attempted unsuccessfully to reach a settlement. Jury trial was set for September 30, 2015. Schmitz had trouble locating expert witnesses and asked for a continuance. The parties stipulated to the continuance, and the court reset trial for January 24, 2017. Schmitz located three expert witnesses before trial: Scott Bechtle, an architect, provided Schmitz with hypothetical development concepts for the property; Robert Strachota, a Minneapolis-based appraiser, offered opinions of land value and severance damages; and Dan Leirness, a Fargo-based appraiser, offered an opinion of land values.
 

 [¶ 3] Schmitz made several motions in limine shortly before trial. The DOT asked for a continuance. The district court reset trial for June 19, 2017. The trial was conducted as scheduled, and Strachota testified the property value and severance damages totaled over $4.6 million. Leirness testified the property was worth $4.7 million. Bechtle did not testify and his designs were not presented at trial. The jury awarded Schmitz $659,547.00 more than the DOT's deposited amount.
 

 [¶ 4] After trial Schmitz requested $263,866.97 in attorney fees, $154,172.12 in expert fees and $17,224.31 in litigation costs for a total of $567,317.36. The DOT contested the fees and costs. The district court awarded $137,347.50 in attorney fees, $35,930.96 in expert fees and $8,027.38 in litigation costs for a total of $181,305.84. Schmitz appeals.
 

 II
 

 [¶ 5] Schmitz claims attorney and expert fees under N.D.C.C. § 32-15-32 :
 

 "The court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include interest from the time of taking except interest on the amount of a deposit which is available for withdrawal without prejudice to right of appeal, costs on appeal, and reasonable attorney's fees for all judicial proceedings."
 

 We review awards of attorney and expert fees for abuse of discretion. " Section 32-15-32, N.D.C.C., authorizes the court, in its discretion, to award a defendant reasonable attorneys fees for all judicial proceedings in an eminent domain action. We review a trial court's decision on attorneys fees under the abuse of discretion standard."
 
 City of Medora v. Golberg
 
 ,
 
 1997 ND 190
 
 , ¶ 18,
 
 569 N.W.2d 257
 
 (citation omitted). Schmitz also claims expert fees and costs under N.D.C.C. § 28-26-06. "A trial court's decision on fees and costs under N.D.C.C. § 28-26-06 will not be overturned on appeal unless an abuse of discretion is shown."
 
 Lemer v. Campbell
 
 ,
 
 1999 ND 223
 
 , ¶ 6,
 
 602 N.W.2d 686
 
 . "A trial court abuses its discretion if it acts in an
 
 *878
 
 arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."
 
 Thompson v. Schmitz
 
 ,
 
 2011 ND 70
 
 , ¶ 18,
 
 795 N.W.2d 913
 
 (citation and quotation marks omitted).
 

 III
 

 [¶ 6] Schmitz argues the district court abused its discretion in reducing his requested attorney fees. This Court has held:
 

 "[I]n determining a reasonable fee the trial judge must first determine the number of hours expended. Whenever possible his findings should be made upon contemporaneous records, and when such records are not available, then upon reasonable reconstruction or estimates of time amounts. The trial judge must then assign specific hourly rates based upon the attorney's experience and reputation which will constitute the 'lodestar.' The hourly rate can be adjusted upwards or downwards on the basis of objective evaluation of the complexity and novelty of the litigation and the corresponding degree of skills displayed by the attorney.
 

 "The trial court or judge should also consider the character of the services rendered, the results which the attorney obtained, and the customary fee charged in the locality for such services, as well as the ability and skill of the attorney. The court should not rely on any single item in determining reasonable attorney fees. The number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees."
 

 City of Bismarck v. Thom
 
 ,
 
 261 N.W.2d 640
 
 , 646 (N.D. 1977). The
 
 Thom
 
 factors "should be fairly weighed together."
 
 City of Devils Lake v. Davis
 
 ,
 
 480 N.W.2d 720
 
 , 727 (N.D. 1992). "[I]t is essential that the prevailing party, and the court, if need be, exclude any hours that are excessive, redundant, or otherwise unnecessary."
 
 Golberg
 
 ,
 
 1997 ND 190
 
 , ¶ 22,
 
 569 N.W.2d 257
 
 (citing
 
 Duchscherer v. W.W. Wallwork, Inc.
 
 ,
 
 534 N.W.2d 13
 
 , 19 (N.D.1995) ). "It is not necessary for the trial court to receive additional evidence in support of the motion where it presided at the trial and heard evidence on the question of reasonable attorney's fee[s] at the end of the trial. The court is an expert on what is a reasonable fee."
 
 Morton Cty. Bd. of Park Comm'rs v. Wetsch
 
 ,
 
 142 N.W.2d 751
 
 , 753 (N.D. 1966).
 

 [¶ 7] Here, Schmitz based his request for attorney fees on a contingent fee agreement. The district court declined to award Schmitz's requested one-third contingent fee of $263,866.97, explaining:
 

 "[T]he Court must determine the number of hours an attorney has expended and then determine a specific hourly rate normally charged for similar work by attorneys of like skill in the area. The hourly rate may be adjusted based on an objective evaluation of the complexity and novelty of the litigation and the degree and skill displayed by the lawyer. The Court may also consider the character of services rendered, the results obtained, the customary fees charged and the locality for the services, as well as the attorney's skill and ability. No single item is determinative. The ultimate predominant factors are time spent and hourly rate."
 

 See
 

 Thom
 
 ,
 
 261 N.W.2d 640
 
 , 646 (N.D. 1977). The district court found reasonable expenditures of 287.1 hours for attorney Biersdorf at $400.00 per hour and 150.05 hours for attorney Simatic at $150.00 per hour. The district court's order acknowledged the contingent fee agreement and expressly considered the character of legal
 
 *879
 
 services rendered, the results obtained, the customary fee charged for services in the locality, and the attorneys' skill and ability.
 
 See
 
 id.
 

 [¶ 8] The district court awarded $114,840.00 for Biersdorf's attorney fees based on 267.9 hours before trial, 50.0 hours during trial, and a deduction of 30.8 hours of travel time (discussed in greater detail below) for 287.1 hours total. The district court found affidavits from North Dakota attorneys supported Biersdorf's $400.00 per hour rate in light of the character of his legal services, the results obtained, and his skill and ability.
 
 See
 

 Thom
 
 ,
 
 261 N.W.2d at 646
 
 . Neither party contests this award, and the district court did not abuse its discretion in reaching its conclusion regarding Biersdorf.
 

 [¶ 9] Schmitz argues the district court abused its discretion by arbitrarily lowering Simatic's hourly rate to $150.00 without any evidence. Schmitz cites
 
 Whitmire v. Whitmire
 
 ,
 
 1999 ND 56
 
 , ¶ 14,
 
 591 N.W.2d 126
 
 , to argue an award of attorney fees must be supported by an itemized breakdown of the evidence. However,
 
 Whitmire
 
 applied our attorney fee standard for family law cases.
 

 Id.
 

 The district court judge in an eminent domain case is considered an expert on attorney fees.
 
 State Farm Fire and Cas. Co. v. Sigman
 
 ,
 
 508 N.W.2d 323
 
 , 327 (N.D. 1993). The order here found $150.00 per hour a customary fee for associates in the locality. The $150.00 figure falls within the range of evidence presented to the district court. The district court supported its determination with evidence in the record, thus Schmitz's contention fails. The district court did not abuse its discretion in lowering Simatic's hourly rate.
 

 [¶ 10] Schmitz argues the district court abused its discretion by declining to award attorney fees incurred in making the application for attorney fees and costs, a.k.a. fee-shifting motion. Schmitz cites no authority supporting a
 
 mandatory
 
 award for preparation of a fee-shifting motion; rather, he cites sources from outside this jurisdiction
 
 allowing
 
 courts to award such attorney fees.
 
 See
 

 El-Tabech v. Clarke
 
 ,
 
 616 F.3d 834
 
 , 843-44 (8th Cir. 2010),
 
 reh'g denied
 
 , Oct. 21, 2010 (remanding "excessive" award of attorney fees for post-judgment work as unreasonable and unnecessary);
 
 Tri-County Metro. Transp. Dist. of Or. v. Aizawa
 
 ,
 
 362 Or. 1
 
 ,
 
 403 P.3d 753
 
 , 754 (2017) ("Ordinarily, a party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award."). Section 32-15-32, N.D.C.C., gives the district court discretion whether to make an award. The district court determined a reasonable number of hours expended by the attorneys for the entire action. This fell within the district court's discretion and was not an abuse thereof.
 

 IV
 

 [¶ 11] Schmitz argues the district court abused its discretion in reducing the award of expert witness fees. A prevailing party in a civil action generally can recover certain fees and expenses:
 

 "In all actions and special proceedings, the clerk of district court shall tax as a part of the judgment in favor of the prevailing party the following necessary disbursements:
 

 ....
 

 5. The fees of expert witnesses. The fees must be reasonable fees as determined by the court, plus actual expenses. The following are nevertheless in the sole discretion of the trial court:
 

 a. The number of expert witnesses who are allowed fees or expenses;
 

 *880
 
 b. The amount of fees to be paid such allowed expert witnesses, including an amount for time expended in preparation for trial; and
 

 c. The amount of costs for actual expenses to be paid the allowed expert witnesses."
 

 N.D.C.C. § 28-26-06. Section 28-26-10, N.D.C.C., allows discretionary awards of other costs. The general expert witness fee provisions in ch. 28-26 function alongside § 32-15-32. District courts have seven non-exclusive factors to consider when awarding reasonable expert witness fees:
 

 "(1) the common-law area of expertise;
 

 (2) education and training that is required to provide expert insight that is sought;
 

 (3) prevailing rates of other comparably respected available experts;
 

 (4) nature, quality, and complexity of discovery responses provided;
 

 (5) the fee actually being charged to the party who retains the expert;
 

 (6) fees traditionally charged by the expert on related matters; and
 

 (7) any other factor likely to be of assistance to the court in balancing the interests implicated."
 

 Wahl v. Northern Improvement Co.
 
 ,
 
 2011 ND 146
 
 , ¶ 18,
 
 800 N.W.2d 700
 
 (quoting 98 C.J.S.
 
 Witnesses
 
 § 86 (2002) ) (list formatting added). A district court abuses its discretion by awarding expert witness fees without explaining why the fees were reasonable and without an itemized list allowing a party to challenge the reasonableness of specific fees.
 
 Id.
 
 at ¶ 19.
 

 "Although an award of expert witness fees under Section 32-15-32, N.D.C.C., does not constitute an abuse of discretion merely because it is for a sum substantially less than requested, we conclude that the district court abused its discretion in this case when it awarded a substantially reduced amount of expert witness fees from those requested
 
 without providing any explanation or rationale for doing so
 
 ."
 

 Arneson v. City of Fargo
 
 ,
 
 331 N.W.2d 30
 
 , 40-41 (N.D. 1983) (emphasis in original). In
 
 Arneson
 
 , this Court reversed a district court order reducing $9,420.00 in expert witness fees to $1,500.00 based on a bare finding of an excessive fee without explanation.
 

 Id.
 

 [¶ 12] Here, Schmitz argues that the district court abused its discretion by declining to award fees for Bechtle's work on hypothetical developments of the subject land. Schmitz asserts
 
 Pratt v. Heartview Found.
 
 ,
 
 512 N.W.2d 675
 
 , 679 (N.D. 1994), allows awards for nontestifying expert witness fees. In
 
 Pratt
 
 the Court upheld an award of fees on an abuse of discretion standard rather than
 
 requiring
 
 the court to award fees for nontestifying experts.
 

 Id.
 

 It is likewise not an abuse of discretion for the district court to
 
 decline
 
 such an award.
 
 See
 

 United Dev. Corp. v. State Highway Dep't
 
 ,
 
 133 N.W.2d 439
 
 , 444 (N.D. 1965) ("The trial court may exercise its discretion as to the number of witnesses for which a prevailing party may tax costs."). The district court excluded Bechtle's costs because he "added nothing as he did not even testify at trial." This explanation is sufficient under
 
 Arneson
 
 .
 
 331 N.W.2d at 40-41
 
 . The district court has "sole discretion" over "[t]he number of expert witnesses who are allowed fees or expenses." N.D.C.C. § 28-26-06(5). The district court did not abuse its discretion in declining to award Bechtle's costs.
 

 [¶ 13] Schmitz asserts the district court acted arbitrarily in reducing expert fees and expenses by seventy-five percent without citing any of the seven
 
 Wahl
 
 factors.
 
 See
 

 2011 ND 146
 
 , ¶ 18,
 
 800 N.W.2d 700
 
 . In its order regarding Strachota and Leirness, the district court considered area
 
 *881
 
 of expertise, education and training, prevailing rates, quality of discovery responses, fee actually charged, and other factors. These factors substantially followed
 
 Wahl
 
 . The district court considered the jury's rejection of Leirness and Strachota's testimony most important in its determination, categorizing its consideration as "other factors." The district court provided sufficient explanation for its decision. Based on this record, we conclude the district court did not abuse its discretion in its award of expert witness fees.
 

 [¶ 14] Schmitz asserts the DOT was responsible for his experts' travel expenses by failing to attempt a settlement. Section 32-15-06.1, N.D.C.C., requires a condemnor to "make every reasonable and diligent effort to acquire property by negotiation" before exercising its power of eminent domain. While judicial policy always encourages efforts to settle disputes, the statute does not require the condemnor to engage in settlement negotiations after a landowner appeals from a quick-take eminent domain deposit. Schmitz does not claim the DOT breached a statutory or common-law duty, and the district court did not rule on the issue such that we may review on appeal.
 

 V
 

 [¶ 15] Schmitz argues the district court misinterpreted N.D.C.C. § 32-15-32 by ruling certain litigation costs were not taxable. The district court listed the costs in its order:
 

 "The Defendant seeks other litigation costs in the amount of $17,224.31, which includes: postage ($12.37), photocopy costs ($2,915.20), color copies ($21.50), mileage ($1,177.00), air fare ($1,015.68), Federal Express ($52.55), Westlaw ($198.03), long distance ($12.86), conference calls ($30.56), hotel expenses ($2,083.35), car rental expenses ($330.87), meals ($662.78), sales tax ($228.33), trial materials ($12.53), and pro hac vice admission ($443.32)."
 

 Generally, "[a] prevailing party attorney's expenses incurred during trips to court cannot be taxed as costs. Attorney travel and meal expenses are normally reimbursed by the client and not assessed as disbursements."
 
 Braunberger v. Interstate Eng'g, Inc.
 
 ,
 
 2000 ND 45
 
 , ¶ 20,
 
 607 N.W.2d 904
 
 (citation omitted). "Attorney travel expenses for discovery are generally not recoverable by a prevailing party as costs or disbursements."
 
 Uren v. Dakota Dust-Tex, Inc.
 
 ,
 
 2002 ND 81
 
 , ¶ 34,
 
 643 N.W.2d 678
 
 .
 
 Uren
 
 and
 
 Braunberger
 
 ruled on awards under N.D.C.C. ch. 28-26 rather than § 32-15-32.
 

 [¶ 16] Here, the district court declined to award travel expenses of $1,477.00 for mileage, $1,015.68 for airfare, $330.87 for car rentals, and $662.78 for meals, stating, "None of these items are taxable under N.D.C.C. § 32-15-32 as costs and disbursements, nor are they provided for under N.D.C.C. § 28-26-06 or § 28-26-10." This was a misapplication of the law. Section 28-26-06 provides a list of disbursements to be taxed in judgment. Section 28-26-10 gives the district court discretion to award other costs, though attorney travel expenses are excluded under this section.
 
 See
 

 Uren
 
 ,
 
 2002 ND 81
 
 , ¶ 34,
 
 643 N.W.2d 678
 
 ;
 
 Braunberger
 
 ,
 
 2000 ND 45
 
 , ¶ 20,
 
 607 N.W.2d 904
 
 . Section 32-15-32 provides for "reasonable actual or statutory costs or both." We have not interpreted this section to preclude an award of attorney travel expenses. Although the district court ordinarily has discretion whether to award these attorney travel costs, its misapplication of the law was an abuse of discretion. We remand for findings consistent with the proper application of N.D.C.C. § 32-15-32.
 

 *882
 
 [¶ 17] The remaining expenses (postage $12.37; photocopy costs $2,915.20; color copies $21.50; Federal Express $52.55; Westlaw $198.03; long distance $12.86; conference calls $30.56; sales tax $228.33; trial materials $12.53; and pro hac vice admission $443.32) may be awarded under § 32-15-32 as "actual costs." While a district court generally may award or decline to award these costs, it is an abuse of discretion to exclude them as a matter of law. We remand to the district court for findings consistent with N.D.C.C. § 32-15-32.
 

 VI
 

 [¶ 18] The district court did not abuse its discretion in reducing Schmitz's attorney or expert fees, and we affirm the judgment regarding those awards. The district court abused its discretion in reducing and eliminating certain litigation costs. We reverse the judgment regarding those litigation costs and remand for findings consistent with this opinion.
 

 [¶ 19] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.