Crothers, Justice.
 

 [¶ 1] Rosie Glow, LLC appeals a district court judgment in an eminent domain action awarding attorney fees of $32,400.00 and expert fees and litigation costs of $11,236.41. We affirm the district court's judgment in part, reverse in part, and remand for further proceedings.
 

 I
 

 [¶ 2] The North Dakota Department of Transportation ("the DOT") took Rosie Glow's property through an eminent domain quick-take action. The DOT deposited $2,296,000.00 for the land and $940,860.00 for severance damages. Rosie Glow and the DOT disputed the value of the property taken. Rosie Glow's appraiser estimated the total compensation owed to Rosie Glow was $4,899,000.00, consisting of $3,788,400.00 for the land and $1,110,600.00 for severance damages. The jury awarded Rosie Glow $2,296,000.00 for property taken and $1,240,860.00 in severance damages, totaling $300,000.00 more than the DOT deposited.
 

 [¶ 3] Under N.D.C.C. § 32-15-32, Rosie Glow requested attorney fees of $159,180.33 for John Osburn's work and $18,277.00 for John Hughes' work. The district court concluded the case was not particularly unique or factually difficult and found the appropriate rate was $300.00 per hour for both attorneys. The district court awarded $30,000.00 for Osburn's fees, reducing his billed time from 361 hours to 100 hours. The district court awarded $2,400.00 for Hughes' fees, for a total of $32,400.00 in attorney fees.
 

 [¶ 4] Rosie Glow requested $54,243.26 in costs, predominantly expert witness fees and travel expenses. The district court awarded $11,236.41, including $5,625.00 for expert witness Everett Strand's market appraisal and $2,000.00 for a portion of Strand's time attending trial.
 

 [¶ 5] The district court entered a judgment awarding Rosie Glow severance damages of $300,000.00, attorney fees of $32,400.00, and costs of $11,236.41 for a total of $343,636.41 plus interest. Rosie Glow appeals.
 

 II
 

 [¶ 6] Rosie Glow argues the district court abused its discretion in reducing the attorney hours awarded and the costs awarded for Strand's fees. The statute providing for recovery of attorney fees and costs in eminent domain cases provides:
 

 "The court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include interest from the time of taking except interest on the amount of a deposit which is available for withdrawal
 
 *338
 
 without prejudice to right of appeal, costs on appeal, and reasonable attorney's fees for all judicial proceedings."
 

 N.D.C.C. § 32-15-32.
 

 [¶ 7] We review awards of attorney and expert fees for abuse of discretion. " Section 32-15-32, N.D.C.C., authorizes the court, in its discretion, to award a defendant reasonable attorneys fees for all judicial proceedings in an eminent domain action. We review a trial court's decision on attorneys fees under the abuse of discretion standard."
 
 City of Medora v. Golberg
 
 ,
 
 1997 ND 190
 
 , ¶ 18,
 
 569 N.W.2d 257
 
 (citation omitted). "A trial court's decision on fees and costs ... will not be overturned on appeal unless an abuse of discretion is shown."
 
 Lemer v. Campbell
 
 ,
 
 1999 ND 223
 
 , ¶ 6,
 
 602 N.W.2d 686
 
 . "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."
 
 Thompson v. Schmitz
 
 ,
 
 2011 ND 70
 
 , ¶ 18,
 
 795 N.W.2d 913
 
 (citation and quotation marks omitted).
 

 III
 

 [¶ 8] Rosie Glow argues the district court abused its discretion by inadequately explaining its reason for reducing the fees awarded for both attorneys. Rosie Glow does not challenge the district court's decision to reduce the hourly fee amount to $300.00.
 

 [¶ 9] The DOT cites
 
 United Dev. Corp. v. State Highway. Dep't
 
 ,
 
 133 N.W.2d 439
 
 , 446 (N.D. 1965),
 
 superseded by statute on other grounds
 
 ,
 
 Pratt v. Heartview Found.
 
 ,
 
 512 N.W.2d 675
 
 (N.D. 1994), to argue the district court may consider only one attorney's fees when a prevailing party has been represented by multiple attorneys. In
 
 United Dev. Corp.
 
 , the State Highway Department appealed an award of costs and fees to a landowner.
 
 Id.
 
 at 442. This Court acknowledged the prevailing landowner in the eminent domain action was represented by a number of attorneys, and the district court awarded a contingent amount of attorney fees agreed to by the landowner.
 
 Id.
 
 at 446.
 

 [¶ 10] In
 
 United Dev. Corp.
 
 this Court did not rule on whether a district court could award fees for multiple attorneys.
 
 Id.
 
 Nor did we say that fees for multiple attorneys could not be recovered. Rather, in
 
 United Dev. Corp.
 
 we held that the client was entitled to recover reasonable attorney fees.
 
 Id.
 
 We leave it to the district court's sound discretion to award reasonable attorney fees, regardless of whether a party hires one or multiple attorneys.
 
 See generally
 

 Golberg
 
 ,
 
 1997 ND 190
 
 , ¶ 18,
 
 569 N.W.2d 257
 
 (concluding the district court has discretion to award a defendant reasonable attorney fees for all judicial proceedings in eminent domain actions). We reject the DOT's argument that a landowner may not recover fees for more than one attorney.
 

 A
 

 [¶ 11] Rosie Glow argues the district court did not identify specific examples of excessive time spent on the case and arbitrarily awarded only one hundred hours for Attorney Osburn's time.
 

 "[I]n determining a reasonable fee the trial judge must first determine the number of hours expended. Whenever possible his findings should be made upon contemporaneous records, and when such records are not available, then upon reasonable reconstruction or estimates of time amounts. The trial judge must then assign specific hourly rates based upon the attorney's experience and reputation which will constitute the 'lodestar.' The hourly rate can be
 
 *339
 
 adjusted upwards or downwards on the basis of objective evaluation of the complexity and novelty of the litigation and the corresponding degree of skills displayed by the attorney.
 

 "The trial court or judge should also consider the character of the services rendered, the results which the attorney obtained, and the customary fee charged in the locality for such services, as well as the ability and skill of the attorney. The court should not rely on any single item in determining reasonable attorney fees. The number of hours spent in total and the rate per hour are the predominant factors in determining reasonable attorney fees."
 

 City of Bismarck v. Thom
 
 ,
 
 261 N.W.2d 640
 
 , 646 (N.D. 1977). The
 
 Thom
 
 factors "should be fairly weighed together."
 
 City of Devils Lake v. Davis
 
 ,
 
 480 N.W.2d 720
 
 , 727 (N.D. 1992). "[I]t is essential that the prevailing party, and the court, if need be, exclude any hours that are excessive, redundant, or otherwise unnecessary."
 
 Golberg
 
 ,
 
 1997 ND 190
 
 , ¶ 22,
 
 569 N.W.2d 257
 
 (citing
 
 Duchscherer v. W.W. Wallwork, Inc.
 
 ,
 
 534 N.W.2d 13
 
 , 19 (N.D.1995) ). "It is not necessary for the trial court to receive additional evidence in support of the motion where it presided at the trial and heard evidence on the question of reasonable attorney's fee[s] at the end of the trial. The court is an expert on what is a reasonable fee."
 
 Morton Cty. Bd. of Park Comm'rs v. Wetsch
 
 ,
 
 142 N.W.2d 751
 
 , 753 (N.D. 1966) (citations omitted).
 

 [¶ 12] A drastic reduction in an award of attorney fees may merit remand to the district court for consideration of relevant
 
 Thom
 
 factors.
 
 Davis
 
 ,
 
 480 N.W.2d at 727
 
 . In
 
 Davis
 
 , the district court reduced the landowner's request of $18,580.78 in attorney fees to $10,756.78.
 

 Id.
 

 at 726
 
 . The district court determined: (1) the attorney's expertise should have reduced his preparation time, (2) the trial lasted two days and was not complicated, (3) the jury award was only $17,000 more than the deposited amount and the landowner requested $118,000 more than the deposited amount, (4) in a different complex case, the district court awarded significantly less than the landowner's requested attorney fees.
 

 Id.
 

 This Court concluded the district court in
 
 Davis
 
 reduced the attorney fees "for lack of significant results obtained."
 

 Id.
 

 at 727
 
 . We remanded the award of attorney fees for reconsideration and directed the district court to include "a more understandable explanation of what work was deemed unreasonable and why it was."
 

 Id.
 

 [¶ 13] Here, the district court considered the
 
 Thom
 
 factors and concluded:
 

 "After a careful review of the billing statements, the Court notes there was an excessive amount of time spent on almost every aspect of the case including finding an expert, time was included for filing pro hac vice motions, time for calling co-counsel, an excessive amount of time was spent on discovery-both producing and reviewing, and time spent for travel to depositions and trial was included. Attorney Osburn indicated he was experienced in eminent domain law. The Court will not include 361 hours for an experienced attorney to try a three day jury trial. That amount of time is not reasonable. The Court will allow 100 hours of time, which is likely on the outer edge of reasonable and the most time this Court has awarded."
 

 The district court noted the trial lasted eighteen hours and found one hundred hours were reasonable for Osburn's attorney fees. The district court found 361 hours were not "reasonable, considering this case was not that complicated." The district court also found the efforts between Osburn and Hughes were not duplicative
 
 *340
 
 except for days spent in trial and several hours of phone calls between them.
 

 [¶ 14] Like in
 
 Davis
 
 , the district court here determined: (1) Osburn's expertise should have reduced his time spent on the case, (2) the trial took only three days and was not complicated, (3) the jury award was only $300,000.00 more than the deposited amount and Rosie Glow requested $1,662,140.00 more than the deposited amount, (4) the district court had never awarded as much time for attorney fees.
 
 See
 

 480 N.W.2d at 726
 
 . Also similar to
 
 Davis
 
 , it appears the district court here reduced the attorney fees "for lack of significant results obtained."
 
 See
 

 id.
 

 at 727
 
 . The district court noted the jury verdict was eighteen percent of what the defendant requested, and it awarded approximately eighteen percent of the fee requested for Osburn. The district court abused its discretion by drastically reducing Osburn's attorney fees without adequate explanation.
 
 See
 
 id.
 

 We remand for the district court to make a more understandable and detailed explanation.
 

 B
 

 [¶ 15] Rosie Glow contends the district court unreasonably reduced Attorney Hughes' fees and arbitrarily determined the time billed was excessive. Relating to Hughes' fees, the district court concluded:
 

 "Attorney Hughes['] time from those detailed billing statements indicates he worked on this case a total of 40.2 hours. Most of Hughes['] time was spent in October, preparing for and attending trial. Hughes spent 7.6 hours traveling to and from trial. The Court will not include hours spent traveling. Other people appear to have worked on the case but the court does not have any information regarding those entries. For the most part, it appears the efforts between Hughes and Osburn were not duplicative, other than the days spent in trial and the 3.5 hours Hughes spent with Strand preparing for trial testimony. He did not question Strand during the trial and the court will not order NDDOT to pay for two attorneys, simultaneously. The trial lasted three days, a total of 18 hours and 26 minutes were on the record, including voir dire, testimony, and arguments outside of the jury's presence. Hughes listed 22.5 hours for trial time. During that time spent in trial, Attorney Hughes only questioned one witness. The time spent on that witness's testimony in trial was approximately one hour. Hughes spent approximately five hours preparing for his witness's testimony.
 

 "With respect to Attorney Hughes' time, the Court finds eight hours will be allowed."
 

 [¶ 16] The district court adequately explained its reasoning and did not abuse its discretion in reducing Hughes' hours in its award of attorney fees to Rosie Glow.
 

 IV
 

 [¶ 17] Rosie Glow argues the district court abused its discretion by reducing Strand's fees. Rosie Glow requested $25,250.00 for Strand's fees. The district court awarded $7,625.00. Rosie Glow argues the district court erred by: (1) awarding $5,625.00 of the $7,500.00 requested for Strand's appraisal, (2) awarding nothing for Strand's $2,500.00 review of the DOT's appraisal, and (3) awarding nothing for Strand's $2,750.00 in time related to his deposition taken by the DOT.
 

 [¶ 18] This Court indicated in
 
 Thom
 
 , "The determination of which witnesses are experts and which witnesses are necessary at the trial, and the amount of fees, are matters appropriately left to the discretion
 
 *341
 
 of the trial court."
 
 261 N.W.2d at 647
 
 (citations omitted).
 

 A
 

 [¶ 19] District courts have seven non-exclusive factors to consider when awarding reasonable expert witness fees:
 

 "(1) the common-law area of expertise; (2) education and training that is required to provide expert insight that is sought; (3) prevailing rates of other comparably respected available experts; (4) nature, quality, and complexity of discovery responses provided; (5) the fee actually being charged to the party who retains the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated."
 

 Wahl v. Northern Improvement Co.
 
 ,
 
 2011 ND 146
 
 , ¶ 18,
 
 800 N.W.2d 700
 
 (citing 98 C.J.S.
 
 Witnesses
 
 § 86 (2002) ). The district court considered the
 
 Wahl
 
 factors and noted that Strand was an expert in appraisals and that Rosie Glow paid Strand's actual fees. The district court stated it did not receive information about rates of other appraisers or the fees traditionally charged by Strand on related matters.
 

 [¶ 20] The district court referred to the
 
 Wahl
 
 factors in awarding Rosie Glow $5,625.00 instead of the requested $7,500.00 for Strand's appraisal. The district court found nothing in the record provided a clear explanation of the services provided by Strand in completing his appraisal. The district court adequately addressed the cost of Strand's appraisal and did not abuse its discretion in awarding $5,625.00 for the appraisal.
 

 B
 

 [¶ 21] Rosie Glow argues the district court abused its discretion in awarding no costs for Strand's review of the DOT's appraisal and Strand's deposition. We agree. Rosie Glow requested $2,500.00 for the review of the DOT's appraisal. The district court awarded nothing for these costs and did not mention costs for Strand's review in its order. Therefore the district court acted arbitrarily by failing to consider costs relating to Strand's review without making any findings.
 

 [¶ 22] The district court also abused its discretion by misapplying the law and not considering costs for Strand's deposition taken by the DOT. Strand spent 9.5 hours preparing for the deposition and 1.5 hours attending his deposition. Rosie Glow was charged $2,750.00 for Strand's time. The district court did not acknowledge any of Rosie Glow's fees for Strand's deposition.
 

 [¶ 23] The district court noted N.D.C.C. § 28-26-06 allows for costs and disbursements to be taxed in favor of the prevailing party. The general provisions of N.D.C.C. § 28-26-06(5), N.D.R.Civ.P. 68(a), and N.D.R.Civ.P. 54(e) do not apply to eminent domain proceedings where they are inconsistent with or in conflict with the specific provisions in N.D.C.C. § 32-15-32.
 
 City of Jamestown v. Leevers Supermarkets, Inc.
 
 ,
 
 552 N.W.2d 365
 
 , 375 (N.D. 1996) ;
 
 Gissel v. Kenmare Twp.
 
 ,
 
 512 N.W.2d 470
 
 , 476-77 (N.D. 1994). Eminent domain proceedings are excepted from the civil procedure rules "to the extent they are inconsistent or in conflict with the procedure and practice provided" by the North Dakota Rules of Civil Procedure. N.D.R.Civ.P. 81(a), Table A. Section 32-15-32, N.D.C.C., provides only specific situations where the costs may be shifted to a landowner in eminent domain proceedings. In
 
 Leevers
 
 , we held "[u]nder N.D.C.C. § 32-15-32, a court may award a 'defendant' in an eminent domain proceeding 'reasonable actual or statutory costs or
 
 *342
 
 both.' The statute says nothing about assessing trial court costs against the defendant."
 
 552 N.W.2d at 375
 
 . In
 
 Gissel
 
 , this Court determined "the provisions for cost shifting in Section 32-15-32, N.D.C.C., are specific ... so that the generalized cost-shifting provisions of Rule 68(a), N.D.R.Civ.P., are inapplicable to eminent domain proceedings." 512 N.W.2d at 477. Therefore, N.D.R.Civ.P. 68(a) does not require landowners to pay their own and the condemning authority's costs.
 
 Id.
 

 [¶ 24] Rule 26(b)(4)(C), N.D.R.Civ.P., requires that the party requesting discovery must pay for expert deposition costs. Rule 26(b)(4)(C) provides:
 

 "Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:
 

 (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B) ; and
 

 (ii) for discovery under Rule 26(b)(4)(A) the court may require, and for discovery under Rule 26(b)(4)(B) the court must require the party seeking discovery to pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions."
 

 Here the DOT chose to depose Strand, and Rosie Glow is entitled to recover those costs absent an agreement to the contrary. Section 32-15-32, N.D.C.C. and N.D.R.Civ.P. 26 are not in conflict or inconsistent with each other because the costs are not being shifted to a landowner. Therefore, the district court abused its discretion in misapplying the law in declining to award necessary expenses related to Strand's deposition. On remand the district court must determine a reasonable amount for Strand's preparation and deposition fees under N.D.R.Civ.P. 26 and N.D.C.C. § 32-15-32.
 

 [¶ 25] The district court did not abuse its discretion in reducing the costs awarded for Strand's appraisal because it adequately explained its reasoning. The district court abused its discretion in declining to award any costs for Strand's review of the DOT's appraisal because it did not explain its decision. The district court also misapplied the law by not awarding costs for the DOT's deposition of Strand. We reverse the district court's judgment regarding Strand's review and deposition taken by the DOT and remand for further findings and an award.
 

 V
 

 [¶ 26] We affirm the award of Hughes' attorney fees and the cost of Strand's appraisal. We reverse that portion of the district court's judgment reducing Osburn's hours and failing to award costs for Strand's review of the DOT's appraisal and Strand's deposition. We remand to the district court for further proceedings consistent with this opinion.
 

 [¶ 27] Daniel J. Crothers
 

 Jerod E. Tufte
 

 Daniel D. Narum, D.J.
 

 Gerald W. VandeWalle, C.J.
 

 [¶ 28] The Honorable Daniel Narum, D.J., sitting in place of Jensen, J., disqualified.
 

 McEvers, Justice, concurring and dissenting.
 

 [¶ 29] I agree with the majority opinion so far as it affirms the district court. Because I believe the district court adequately explained its reasoning for reducing the attorney fees of Mr. Osburn, I respectfully dissent to Section III(A) of the opinion. As pointed out by the majority, the district court applied the
 
 Thom
 
 factors and explained the billing statements showed an
 
 *343
 
 excessive amount of time on almost every aspect of the case. The district court further explained that Osburn was experienced in the area of eminent domain law and found 100 hours was likely on the outer edge of reasonable. Majority at ¶ 13. The district court also determined the case was not complicated and the jury award was much less than the amount requested. Majority at ¶ 14. While I may not have come to precisely the same conclusion as the district court on attorney fees, I cannot conclude that allowing 100 hours of attorney fees for an 18-hour trial was an abuse of discretion. I would affirm the judgment in its entirety.
 

 [¶ 30] Lisa Fair McEvers